■ OFFSET PAPERBACK MFRS., INC., Appellant, v. BANNER PRESS, INC., Respondent.— Order, Supreme Court, New York County, entered December 2, 1974, unanimously modified, on the law, to grant plaintiff's motion for partial summary judgment to the extent of $43,685.67, to sever the first cause of action to that extent, and to deny defendant's cross motion for leave to serve an amended answer, and, as so modified, the order is affirmed, without costs and without disbursements. In support of the first cause of action for labor, services and materials, in the amount of $94,029.54, plaintiff, pursuant to CPLR 3016 (subd. [f]) attached to the verified complaint a schedule setting forth with particularity the nature of each item for which recovery was sought, including the billing date, the invoice number, a description of each item, and the value or agreed price. Accordingly, defendant was required, in order to place any of the items in dispute, to set forth in its answer the specific items questioned and in what respect (CPLR 3016, subd. [f]; Duban v. Platt, 23 A D 2d 660, affd. 17 N Y 2d 526; Iandoli v. Lange, 35 A D 2d 793). The answer, however, consisted merely of a general denial, which was insufficient to place in issue those items set forth in the schedule, and six affirmative defenses and counterclaims. Examination of the counterclaims and affirmative defenses indicate however, that only the third counterclaim is addressed to an item (Item No. 1 — Horoscopes) contained in the schedule annexed to the complaint. Accordingly, except with respect to that one item, the answer failed to specifically dispute the amounts claimed in the schedule, and since otherwise defendant's opposition to the motion for partial summary judgment consisted merely of an attorney's affidavit, which was lacking in probative value, partial summary judgment should be granted in the amount demanded in the first cause of action ($94,029.54) less the amount claimed by the defendant in the third counterclaim ($50,343.87). Settle order on notice. Concur— Markewich, J. P., Murphy, Tilzer and Capozzoli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. ANGEL RODRIGUEZ.— Motion to dismiss appeal granted on the ground that appellant is not presently available to obey the mandate of the court in the event of an affirmance. (See People v. Casiel, 33 N Y 2d 791; People v. Howe, 32 N Y 2d 766; People v. Del Rio, 14 N Y 2d 165.) Concur— Stevens, J. P., Kupferman, Murphy, Lane and Nunez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, v. ANDREW DEAS.— Motion to dismiss appeal granted upon the ground that appellant is not presently available to obey the mandate of the court in the event of an affirmance. (See People v. Casiel, 33 N Y 2d 791; People v. Howe, 32 N Y 2d 766; People v. Del Rio, 14 N Y 2d 165.) Concur— Stevens, J. P., Kupferman, Lupiano, Capozzoli and Lane, JJ.