■ ADAM LYON INDUSTRIES, INC., Appellant, v PERSHING CASUALS, INC., Respondent.—Order of the Supreme Court, New York County, entered December 2, 1977, denying plaintiff's motion for partial summary judgment and severance of the counterclaims and granting respondent's cross motion to amend its answer, unanimously modified, on the law, without costs and disbursements, to the extent of granting plaintiff's motion for partial summary judgment in the amount of $14,600.16, with interest, and severing the counterclaims of defendant, and otherwise affirmed. The verified complaint set forth a schedule, listing each item by invoice number, date, description of goods and price. The verified answer controverted only three of the items, leaving undisputed a balance of $14,600.16 plus interest. The counterclaims

interposed by defendant total $67,689.75 and refer to orders for "red shoe lace", "red cord lace", "red braid" and zippers, in which the color ran. The counterclaims are unrelated to the claims found in the complaint. CPLR 3016 (subd [f]) provides that, in an action involving the sale and delivery of goods, plaintiff may set forth and number in a verified complaint the items of its claim and the agreed price of each and thereupon defendant by its verified answer shall indicate specifically those items it disputes and the reasons therefor. The verified amended answer, insofar as it contained a general denial to the complaint, did not comply with the requirements of that section and hence was insufficient to place the $14,600.16 balance in issue *(Duban v Platt,* 23 AD2d 660, affd 17 NY2d 526; *Offset Paperback Mfrs. v Banner Press,* 47 AD2d 733). Defendant's assertion that the items were not numbered should not bar summary judgment. While the schedule was not numbered in sequence, each item was set forth separately, by an invoice number and other identifying information. This numbering procedure was sufficient to enable defendant to specifically controvert each item. In fact, defendant did specifically challenge three of the items. Further, the case at bar is distinguishable from *Innis, Pearce & Co. v G. H. Poppenberg, Inc.* (213 App Div 789, 790), since in that case the items were not individually numbered but separated into three numbered groups, thus impeding specific denial. Settle order. Concur—Kupferman, J. P., Birns, Silverman, Fein and Lane, JJ.