■  METRO ENVELOPE CORP., Respondent-Appellant, v WESTVACO, Appellant-Respondent.—Motion for reargument granted to the extent of recalling and vacating the order of this court entered on October 2, 1979 and the memorandum decision filed therewith, resettling said order and substituting a new memorandum decision, as follows: Order, Supreme Court, New York County, entered March 15, 1979, which, *inter alia,* denied defendant's motion for partial summary judgment dismissing the first and second causes of action in the complaint and for summary judgment upon its counterclaim, unanimously modified, on the law and in the exercise of discretion, to the extent of striking the provisions for severance of the third and fourth causes of action in the complaint, without prejudice to plaintiff's seeking leave to replead the complaint before Special Term, and with leave to plaintiff to amend its answer to counterclaim, within 20 days after service of a copy of our order with notice of entry, and, as so modified, affirmed, without costs and disbursements. The applicability of section 2-207 of the Uniform Commercial Code to the transaction herein is, on this record, a mixed question of law and fact, and Special Term properly determined to deny defendant's motion for summary judgment dismissing the first and second causes of action and for summary judgment upon its counterclaim. As to the dismissal of plaintiff's third and fourth causes of action pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action, Special Term improvidently granted leave to plaintiff to replead. Pursuant to CPLR 3211 (subd [e]), plaintiff, as the opposing party desirous of leave to plead again in the event the motion is granted, was required to so state in its opposing papers. This omission, coupled with plaintiff's failure to submit any extrinsic proof of the validity of its claims embraced within the third and fourth causes of action, impels, on this record, the conclusion that leave to replead should not have been granted (see *Cushman & Wakefield v John David, Inc.,* 25 AD2d 133). However, the defects of pleading regarding the third and fourth causes may be the result of draftsmanship, and the circumstances warrant affording to plaintiff an opportunity to seek leave to replead. The severance directed by Special Term is improper, there being no prejudice shown or convenience to be served which would warrant such direction. Although not raised before Special Term, defendant Westvaco on appeal correctly points out that the counterclaim contained in its verified amended answer sets forth the items of its claim and the reasonable value or agreed price of each in accordance with CPLR 3016 (subd [f]). It was, therefore, incumbent upon plaintiff to respond to this counterclaim by a

verified answer to counterclaim which "shall indicate specifically those items [plaintiff] disputes and whether in respect of delivery or performance, reasonable value or agreed price" (CPLR 3016, subd [f]). However, plaintiff served an unverified answer to counterclaim which only generally denied the items. On the defendant's motion for summary judgment, an affidavit by the executive operating officer of plaintiff, who is also vice-president of that corporation, clearly establishes that plaintiff disputes the performance of defendant in this sale of goods, the assertion being made that the paper sold by defendant contained defects such as, *inter alia,* poor color, poor quality, foreign materials being wrapped in the paper, and damaged paper. Thus an issue of fact was presented as to defendant's performance which would serve to frustrate defendant's obtaining the drastic remedy of summary judgment on its counterclaim but for application of CPLR 3016 (subd [f]). By virtue of the present state of the pleadings, plaintiff has failed to allege a defense to defendant's counterclaim (the general denial being insufficient under CPLR 3016, subd [f]) and has, in effect, conceded the merit of that counterclaim, but has demonstrated by affidavit by a party having knowledge of the facts a defense to that counterclaim submitted in opposition to the defendant's motion for summary judgment. Proper resolution of this anomalous situation, with due regard to the furtherance of justice, is indicated by Judge Cardozo in *Curry v Mackenzie* (239 NY 267, 272) when he observed the following: "The defendant's affidavit discloses a defense also of part payment, in that he paid for the later services after he was no longer general manager. His answer in that regard is, it is true, defective, for payment should have been stated as a defense, partial, if not complete, and is not to be proved under a denial. The facts, however, have now been shown, and the answer, though imperfect, may be amended at the trial or sooner. Technical defects in the pleading of an adversary are not available to a plaintiff upon an application under this rule for the entry of summary judgment. The application is defeated if the defendant 'shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend' * * * The remedy is to be administered in furtherance of justice". In *Duban v Platt* (23 AD2d 660, affd 17 NY2d 526) and *Offset Paperback Mfrs. v Banner Press* (47 AD2d 733), motions for summary judgment were granted where the plaintiff itemized the claim pursuant to CPLR 3016 (subd [f]) and the defendant answered by mere general denial, but in both instances the courts specifically and additionally noted that the defendant's opposition to the motion was otherwise inadequate, i.e., no proof by affidavit by a party having knowledge of the facts or by any other proper showing was submitted by defendants in opposition to the motion. Accordingly, we conclude that the better rule is to avoid—when circumstances and a right sense of justice dictate—converting CPLR 3016 (subd [f]) into a pleading trap for the unwary. The circumstances herein require that plaintiff in its posture of defending the counterclaim be afforded an opportunity to amend its answer to counterclaim to comport with CPLR 3016 (subd [f]). We perceive no basis at this posture and on this record for reversal of Special Term's denial of summary judgment relief. The law favors affording to litigants their "day in court" and the nature of plaintiff's causes of action as set forth in the complaint impress the pragmatic observation that plaintiff's failure to comply with CPLR 3016 (subd [f]) was a mere failure of draftsmanship. The counterclaim is clearly related to the claims found in the complaint (cf. *Lyon Inds. v Pershing Casuals,* 66 AD2d 715). Resettled order signed and filed. Concur—Birns, J. P., Fein, Sullivan, Markewich and Lupiano, JJ.