■ SLAVENBURG CORPORATION, Appellant, v SAUL RUDES et al., Respondents, et al., Defendant. — Order, Supreme Court, New York County (Shorter, J.), entered May 5, 1981, which granted reargument and, upon reargument, modified the prior order entered December 23, 1980, to the extent of severing the first, second, sixth and seventh causes of action against defendant Al Rudes and directing entry of default judgment against defendant Al Rudes on the first cause of action for $212,645.18 and on the sixth cause of action for $231,578.22; severed the second and seventh causes against defendant Al Rudes for an assessment of damages; struck the second, fourth and ninth defenses of defendant Saul Rudes and the second, third, fourth and eighth defenses of defendant Marbridge Fabrics, Inc., modified, on the law, to the extent of reinstating the second and fourth defenses of defendant Marbridge Fabrics, Inc., and the second defense of defendant Saul Rudes and, as so modified, affirmed, without costs and disbursements. Appeal from the order of the Supreme Court, New York County (Shorter, J.), entered December 23, 1980, which, on plaintiff's motion to dismiss defenses and counterclaims of Marbridge Fabrics, Inc., and Saul Rudes and to obtain summary judgment against Marbridge Fabrics, Inc., for $234,578.22 and against Saul Rudes for $150,000 and to sever the remaining causes of action in the complaint against Al Rudes with a direction to enter default judgment against Al Rudes, granted relief only to the extent of striking the second, fourth and ninth defenses of defendant Saul Rudes, dismissed as academic. While plaintiff's notice of motion dated October 23, 1980, in respect of defendant Al Rudes sought only severance of the causes of action against Al Rudes pursuant to CPLR 603 "with leave to be continued by plaintiff", the affidavit of Vincent Arminio, plaintiff's president, submitted in support of plaintiff's motion pursuant to CPLR 3211 and 3212 noted in paragraph 31 thereof that plaintiff "intends to enter judgment by default against [Al Rudes] upon application to the Clerk pursuant to CPLR 3215. Accordingly [plaintiff], also prays that the first, second and sixth causes of action of the complaint against Al Rudes be severed, with leave for [plaintiff] to enter judgment by default." Consequently, plaintiff's subsequent motion for leave to reargue is a "true" motion to reargue regarding all defendants. Relevant to plaintiff's endeavor to set forth in its complaint an itemized statement pursuant to CPLR 3016 (subd [f]) in this action which involves the sale and delivery of goods, it is noted that while the detailed schedule lists the sales of goods by dates, invoice numbers and the agreed prices and reasonable values of each, there is only a generic description of the goods contained in the allegations of the complaint and no description of the goods apart from invoice numbers in the itemized schedule of claim annexed to the complaint. Copies of the invoices are not annexed or made part of the itemized schedule. Further, copies of the invoices referred to in the itemized schedule were submitted in the instant motion for summary judgment made by plaintiff against defendants Marbridge Fabrics, Inc., and Saul Rudes. These copies of invoices set forth the names of various business entities, dates and amounts and in certain instances an identifying number, but no other description of the goods. The "keystone" of the defenses set forth by defendants Marbridge Fabrics, Inc., and Saul Rudes is that no goods were in fact sold and delivered by Fairway Mills, Inc., to Marbridge Fabrics, Inc., and that the invoices were false; allegedly issued by defendant Al Rudes while an officer simultaneously of Fairway Mills, Inc., and Marbridge Fabrics, Inc. Defendant

Saul Rudes, the sole shareholder of Marbridge Fabrics, Inc., states that he removed his brother Al Rudes from the management of Marbridge Fabrics, Inc., upon ascertaining that something was wrong. Under these circumstances, reason and common sense dictate that the statute (CPLR 3016, subd [f]) be strictly applied and we conclude that the itemized schedule of the claim set forth in plaintiff's third cause of action against defendant Marbridge Fabrics, Inc., does not fully conform to the statutory mandate and Marbridge Fabrics, Inc.'s, general denial serves to put in issue the question of the delivery or nondelivery of goods (cf. *Lyon Inds. v Pershing Casuals,* 66 AD2d 715; see *Hoffman & Hoffman Upholstered Furniture Corp. v Boyle,* 25 Misc 2d 35). Note is also taken of the view that "where the complaint complies with CPLR 3016 (f) and the defendant fails to respond with the same specificity, on a motion by the plaintiff for summary judgment, the defendant may supply the missing information in his opposing papers" (3 Weinstein-Korn-Miller, NY Civ Prac, par 3016.19). In any event, the allegations regarding the itemized schedule are not urged against defendant Saul Rudes in the complaint and he clearly raises a factual issue regarding the validity of the invoices as being, in reality, representative of goods actually sold by Fairway Mills, Inc., to Marbridge Fabrics, Inc. Apart from the invoices, no documentary proof such as shipping receipts is advanced in the record. Special Term appropriately struck the third and eighth defenses of Marbridge Fabrics, Inc., and the fourth and ninth defenses of Saul Rudes. No genuine factual issue has been raised demonstrating that plaintiff is not the real party in interest or that the assignments upon which plaintiff relies were not validly executed. Defendant Marbridge Fabrics, Inc.'s, fifth defense and first counterclaim alleges in substance that a third party, Eff & Jay Togs, Ltd., borrowed $12,500 from Marbridge which sum was to be paid back by plaintiff. Plaintiff avers that this is an effort by Marbridge Fabrics, Inc., to enforce an oral promise by plaintiff to be responsible to Marbridge for the debt of a third party and that such claim is barred by the Statute of Frauds (General Obligations Law, § 5-701, subd a, par 2). The distinction between a promise to answer for the debt of another which is within the statute and an independent obligation of the promisor, which is without the statute is elusive. Marbridge argues that as this was not a promise to pay an antecedent debt already in existence at the time the promise was made, the statute is inapplicable. However, "[a] promise to answer for the default * * * of another comes within the purview of the statute without regard to the time when made, vis-a-vis the principal obligation, so that in determining whether an obligation is original or to answer for the debt of another under the statute of frauds, there is no distinction between a case where an antecedent indebtedness existed at the time of the promise and a case where the indebtedness is created subsequently to the promise, and the liability of the promisor must be determined by the nature of the promise, whether it was to answer for the debt of a third person or whether it was to answer for his own debt" (56 NY Jur, Statute of Frauds, § 43). The record contains only arguments reflecting varying interpretations of the allegations contained in Marbridge's combined fifth defense and first counterclaim. Reading such allegations liberally we are unable to conclude that, as a matter of law, the alleged oral promise made by plaintiff is not an original promise. Accordingly, absent clarifying evidence in the record, a trial is necessary to determine the nature of this alleged promise. Concur — Sullivan, J. P., Ross and Lupiano, JJ.

Markewich and Silverman, JJ., concur and dissent in part in a memorandum by Silverman, J., as follows: The major reason for not granting summary judgment in favor of plaintiff is the claimed issue of fact as to whether the goods were in fact delivered. Defendant Saul Rudes contends that the business

of Marbridge was operated by his brother Al Rudes who, according to Saul Rudes, participated in false transactions setting up these purported liabilities for goods which were in fact never delivered. Because Saul Rudes says that he does not have personal knowledge of the facts, we think he is entitled to a reasonable opportunity to ascertain the facts by appropriate disclosure proceedings before he is faced with a motion for summary judgment. Accordingly, we concur in the majority's determination but would do so expressly without prejudice to a renewal of plaintiff's motion for summary judgment after defendant Saul Rudes has had a reasonable opportunity to conduct prompt disclosure proceedings.