■ John P. Rowan, Appellant, v Joseph J. Brady, Respondent. — Order of the Supreme Court, New York County (Allen M. Myers, J.), entered on September 9, 1982, which granted defendant's motion for summary judgment dismissing the complaint, is reversed, on the law, without costs and without disbursements, and the motion is denied. In this action, the plaintiff-appellant, an attorney, seeks to recover a $25,000 fee and some $1,400 in disbursements incurred in respect to services rendered to a corporation, Highspire, Inc., of which the defendant Brady was a director, vice-president and 50% shareholder. On defendant's motion for summary judgment, based on the bar of the Statute of Frauds, Special Term correctly recognized that the issue to be resolved was whether the defendant's alleged oral promise to pay for all legal services rendered by the plaintiff attorney to the corporation is in fact a collateral, secondary one merely super-added to that of the corporation and therefore subject to the Statute of Frauds or rather, an original primary obligation. The court, however, inappropriately proceeded to resolve that issue. As has repeatedly been held by this and other courts, the function of the court on a motion for summary judgment is issue finding and not issue determination. (*Missan v Schoenfeld*, 95 AD2d 198; *Esteve v Abad*, 271 App Div 725; *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395.) If a

genuine issue of fact is found to exist, summary judgment must be denied. (*Di Menna & Sons v City of New York,* 301 NY 118.) Plaintiff-appellant has contended that an alleged agreement was reached between himself and the defendant in March of 1979 pursuant to which the defendant agreed to be personally liable for all legal fees and costs incurred as a result of plaintiff's representation of the corporation in respect to its antitrust problems. Defendant has asserted the Statute of Frauds as an affirmative defense, contending that the alleged promise is unenforceable since it is a special promise to answer for the debt or default of another (here the corporation Highspire) and thus is required to be in writing in order to be enforceable. (General Obligations Law, § 5-701, subd a.) Plaintiff has asserted in his affidavit that the defendant expressly undertook an independent and primary obligation to pay the costs of legal services. Significantly, defendant does not directly deny the plaintiff's version of the promise, nor does he address the nature of the promise. Moreover, his responses to questions put to him at his deposition, as to the conversations between the parties at the March 28, 1979 conference, are at best equivocal. While the objective manifestations of the intent of the parties may appropriately be examined in determining whether the promise is an original promise or a collateral one that would be subject to the provisions of the Statute of Frauds, as this court has recently stated in *Slavenburg Corp. v Rudes* (86 AD2d 517, 518) " 'the liability of the promisor must be determined by the nature of the promise, whether it was to answer for the debt of a third person, or whether it was to answer for his own debt' (56 NY Jur, Statute of Frauds, § 43)". Thus, given the existence of a clear issue of fact as to whether the parties intended defendant to be independently and primarily liable for the costs of legal services rendered after March 28, 1979, it was error to grant the defendant's motion for summary judgment. Concur — Carro, Asch and Alexander, JJ.

Ross, J. P., dissents in a memorandum as follows: I would affirm. Despite the fact that plaintiff and defendant had a decade-long social relationship and defendant was an officer and 50% shareholder in a corporation known as Highspire, Inc., my examination of the record reveals that the overwhelming evidence leads to the conclusion that defendant did not orally promise plaintiff that he would be personally liable for the corporation's legal bills after March 28, 1979 concerning certain expensive antitrust litigation. Plaintiff in his affidavit admits, in pertinent part, that he has been a lawyer for more than 32 years and that he has "been counsel to numerous corporations of not unsubstantial size and worth." This writer is certain that the plaintiff, an attorney, is thoroughly familiar with the Statute of Frauds and its many ramifications. In fact, at the same meeting that plaintiff claims that defendant made the oral promise in issue, the plaintiff obtained a written guarantee from the defendant relating to other legal expenses of the corporation. Section 5-701 (subd a, par 2) of the General Obligations Law provides: "Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith * * * if such agreement, promise or undertaking * * * [i]s a special promise to answer for the debt, default or miscarriage of another person". Applying this statute to the instant facts results in the finding that defendant's timely assertion of the affirmative defense of the Statute of Frauds entitles him to summary judgment since concededly the promise relied upon by plaintiff was oral. As a unanimous Court of Appeals stated through Judge Pound, more than 65 years ago, "If we pick a few phrases from the context, we may draw the conclusion that defendant intended to assume such a relation to plaintiff, but on all the evidence we find but one principal primary debtor and that is [Highspire, Inc.]. The ancient purpose of the Statute of Frauds was to require satisfactory

evidence of a promise to answer for the debt of another person and its efficacy should not be wasted by unsubstantial verbal distinctions" (*Richardson Press v Albright,* 224 NY 497, 502). There are no material triable issues of fact.