■ BRILL & MEISEL, Respondent, v ENTENDRE, INC., et al., Defendants, and NATIONAL CONTACT LENS DISTRIBUTORS, INC., Appellant. — Order, Supreme Court, New York County (Norman Ryp, J.), entered September 15, 1983, which granted reargument, and, upon reargument, adhered to the granting of, *inter alia,* the plaintiff's motion for partial summary judgment against National Contact Lens Distributors, Inc. (National), is unanimously modified, on the law, to the extent of denying this motion against National, and otherwise affirmed, without costs. In addition, the interlocutory judgment of the court entered November 4, 1983 is unanimously modified, on the law, to the extent of striking from that judgment the name of National as a party liable to plaintiff, and severing the plaintiff's claims against the other defendants listed in that judgment from such claim, and otherwise affirmed, without costs.

Appeal from order, Supreme Court, New York County (Norman Ryp, J.), entered September 16, 1983, is dismissed, without costs, as said order was superseded by the order entered on September 15, 1983.

In the latter part of 1980, corporate defendant National and individual defendant Edward Weiner (Weiner) formed defendant Entendre, Inc. (Entendre) for the purpose of the wholesale distribution of eyeglass frames. Thereafter, Weiner retained plaintiff law firm in December, 1980 as attorneys for Entendre and to provide other legal services. National utilized the services of its own attorneys.

As of July 23, 1981, plaintiff claimed in a letter to defendant Weiner, who was president of Entendre, that there was due and owing to plaintiff for its services a total of $11,198.19, which consists of fees and disbursements. Thereafter, the plaintiff in November, 1981 commenced the instant action against a number of defendants, including Entendre, Weiner and National, to recover the sum, mentioned *supra,* for services rendered. While defendants Entendre and National served and filed answers, defendant Weiner defaulted. Subsequently, plaintiff moved for partial summary judgment against defendants Entendre, Weiner and National for the subject amount. Special Term granted the motion and, *inter alia,* stated in its decision that National's opposition was not supported by an affidavit from a

person with actual knowledge of the facts concerning National. National moved for reargument, and in support submitted an affidavit from its president, which affidavit, in substance, with evidentiary references to the plaintiff's own documents, denied that National had authorized plaintiff to do any legal work. Special Term granted National's motion for reargument, but, adhered to its original determination.

We disagree. After our review of the record, we conclude that none of the bills for the subject services was ever sent to defendant National, and that none of these bills contain any allegation by plaintiff that the services were performed for National. These are but some of the material and triable issues of fact in this matter (*Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). As this court wrote, almost 40 years ago, in *Esteve v Abad* (271 App Div 725, 727), "[i]ssue-finding, rather than issue-determination, is the key to [deciding summary judgment motions]" (material in·brackets added).

Plaintiff's own papers indicate there are issues of fact in that plaintiff fails to show any agreement by National to pay for plaintiff's services (*Aimatop Rest. v Liberty Mut. Fire Ins. Co.,* 74 AD2d 516).

Obviously plaintiff seeks to hold National liable due to the fact that National is a stockholder in Entendre (see *Rowan v Brady,* 98 AD2d 638). Concur — Kupferman, J. P., Ross, Asch, Fein and Alexander, JJ.