MELODY GUEST, Individually and as Mother and Natural Guardian of KENNETH GUEST, an Infant, et al., Appellants, v CITY OF BUFFALO, DEPARTMENT OF STREETS SANITATION et al., Respondents. — Judgment, insofar as it dismissed the action as against defendant City of Buffalo, unanimously reversed, on the law and facts and insofar as it granted judgment against defendant Stachowiak, unanimously vacated in the interest of justice, with costs against the City of Buffalo, and a new trial granted against said defendants. Memorandum: The court erred in denying plaintiffs' motion, made at the close of their case, to amend the pleadings to conform to the proof and dismissing the complaint against the City of Buffalo.

The complaint against the city alleged only passive negligence (i.e., failing to remove snow) as opposed to active negligence (snowplowing in a manner that affirmatively created a hazardous condition). Nevertheless, the record demonstrates that early in the trial plaintiffs' counsel indicated that he would pursue both theories, and there was no objection by the Corporation Counsel nor any allegation that proof of affirmative negligence would be outside the scope of the pleadings. Accordingly, plaintiffs offered proof of both active and passive negligence. Claims of passive negligence were properly dismissed for failure of plaintiffs to establish that the city had prior written notice, a prerequisite under Buffalo City Charter § 362. Prior written notice is not required, however, where the municipality affirmatively creates a hazardous condition (*Barrett v City of Buffalo,* 96 AD2d 709, 710; *Muszynski v City of Buffalo,* 33 AD2d 648, *affd* 29 NY2d 810).

CPLR 3025 (c) authorizes the trial court to permit an amendment of the pleadings to conform to the proof before and after judgment. Key to the resolution of such a motion is prejudice or surprise to the opponent (*Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959; *Fahey v County of Ontario,* 44 NY2d 934, 935). The city cannot claim either surprise or prejudice because counsel was clearly put on notice of both claims early in the trial. Moreover, plaintiffs' theory of active negligence was noted by the trial court in an earlier decision involving another defendant (*Guest v Consolidated Rail Corp.,* 116 Misc 2d 260, 261). Viewed in context of the entire proceeding, the motion to amend was relatively minor and should have been granted.

With respect to allegations of insufficient lighting, however, the trial court properly denied leave to amend the pleadings. The city was never on notice that it was being sued on a theory of inadequate lighting, and thus it can properly claim surprise and prejudice with respect to such evidence.

Finally, we observe that the judgment against the remaining defendant, Stachowiak, must also be reversed. The jury rendered an award of damages, but the City of Buffalo has had no opportunity to offer proof to controvert plaintiffs' damage evidence. It would be unfair to bind the city to the damage figure found against the remaining defendant without giving the city the opportunity to litigate that evidence. A new trial against both defendants will obviate the possibility of inconsistent verdicts, and thus the judgment against defendant Stachowiak should be vacated in the interest of justice and a new trial had against both defendants. (Appeal from judgment of Supreme Court, Erie County, Sedita, J. — negligence.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.