— Order, Supreme Court, New York County (Louis Grossman, J.), entered December 17, 1985, granting defendant’s motion for renewal and/or reargument (herein denominated reconsideration), and, upon reargument, adhering to a prior order of the same court and Justice, entered April 4, 1985, which, inter alia, (1) granted plaintiff’s motion for summary judgment on the first and third causes of action, and (2) severed the second cause of action for trial, is unanimously modified, on the law and on the facts, to the extent of denying plaintiff’s motion for summary judgment on the first and third causes of action, and otherwise affirmed, without costs.
The appeals from an order and judgment, Supreme Court, New York County (Louis Grossman, J.), entered April 4, 1985 and April 23, 1985, respectively, are dismissed as superseded by the appeal from the said order entered December 17, 1985.
Plaintiff is a wholesale seller of diamonds and diamond jewelry, while defendant is a retail seller of jewelry, with about 200 retail stores located in various parts of the United States.
For nearly 15 years, extending from 1969 to approximately 1983, plaintiff consigned large quantities of jewelry to defen *431 dant. Routinely, during that period, unsold merchandise would be returned and reconsigned, and periodically the parties would reconcile accounts between them with respect to the disposition of the consigned merchandise.
In 1983, a dispute arose between plaintiff and defendant over the exact amount owed by defendant. By letter, dated August 23, 1983, plaintiff requested that defendant confirm that it owed $292,584, but defendant refused to do so, unless provided with more documentation of the alleged debt.
When the parties were unable to agree on the amount of defendant’s debt, after many months of exchanging correspondence as well as records, the plaintiff commenced the instant action.
In its complaint, plaintiff contends: (1) in the first , cause of action, that it is entitled to $105,818.67 damages, based upon goods sold and delivered; (2) in the second cause of action, that it is entitled to $18,883 cover damages, based upon the allegation that defendant returned more than the 65% of the consigned merchandise it was permitted to return; and, (3) in the third cause of action, that it is entitled to $105,818.67 damages, based upon an account stated. Following the service of defendant’s answer, plaintiff moved for summary judgment.
In substance, Special Term, inter alia, granted plaintiff’s motion insofar as to grant summary judgment on its first and third causes of action in the amount of $105,818.67. Subsequently, plaintiff entered judgment on this order of Special Term. Thereafter, defendant moved for renewal and/or reargument (herein denominated reconsideration), which was granted by Special Term, and which, upon reargument, adhered to the prior order.
We disagree.
Based upon our review of the long-term business relationship between the plaintiff and defendant, we find that the confused nature of the accounting practices of the parties gives rise to a number of triable issues of fact that prevent the granting of summary judgment (Brill & Meisel v Entendre, Inc., 105 AD2d 618, 619 [1st Dept 1984]).
Several examples of the many triable issues of fact present in the instant action are:
(1) Was the agreement between the parties, dated August 30, 1982, an account stated of past transactions, or a master agreement for future consignments of merchandise?
(2) Did the plaintiff accurately credit defendant’s account *432 with a payment of $84,230 made by the defendant on June 16, 1982?
(3) Did the plaintiff ship any merchandise to defendant after February 23, 1983?
(4) Did the plaintiff correctly credit defendant’s account for returned merchandise?
(5) Did the plaintiff double bill defendant for the same merchandise?
Over 35 years ago the Court of Appeals held, in Sillman v Twentieth Century-Fox Film Corp. (3 NY2d 395, 404 [1957]), that issue finding rather than issue determination is the key to determining motions for summary judgment. More recently, the Court of Appeals reiterated that principle in Winegrad v New York Univ. Med. Center (64 NY2d 851, 853 [1985]), when it stated that: "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case * * * Failure to make such showing requires denial of the motion”.
Accordingly, we modify Special Term’s order to deny plaintiff’s motion for summary judgment as to its first and third causes of action. Concur — Sullivan, J. P., Ross, Asch, Rosenberger and Wallach, JJ.