■ Philip Boothe, Appellant, v Benjamin H. Weiss, Respondent.—In an action to recover damages for fraud and deceit, the plaintiff appeals from an order of the Supreme Court, Queens County (Durante, J.), dated July 19, 1984, which granted the defendant's motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, without costs or disbursements.

The record indicates that the plaintiff has failed to set forth any cause of action against the defendant sounding in deceit or fraud. The bare allegation that the defendant, a licensed optometrist, had provided treatment to the plaintiff at a

location other than the one for which the defendant was registered with the New York State Education Department does not satisfy the requisite elements of a tort cause of action sounding in deceit or fraud (Prosser and Keeton, Torts § 105, at 728 [5th ed]). Accepting the plaintiff's allegations as true, as we must on a motion to dismiss pursuant to CPLR 3211 (a) (7) *(see, Holly v Pennysaver Corp.,* 98 AD2d 570, 572), we conclude that Special Term did not err in granting the defendant's motion.

The plaintiff's omission from his opposition papers of any indication that he desired leave to plead again in the event the defendant's motion was granted, coupled with his failure to submit any showing of the validity of his claim, mandates the conclusion, on this record, that his request on appeal for leave to replead should be denied *(see, Metro Envelope Corp. v Westvaco,* 72 AD2d 695). Weinstein, J. P., Rubin, Kunzeman and Kooper, JJ., concur.