LEWIS & CLARKSON, Respondent, v OCTOBER MOUNTAIN BROAD-
CASTING COMPANY, INC., Appellant. (Action No. 1.)

SCHWARTZ, WOODS & MILLER, Respondent, v OCTOBER MOUN-
TAIN BROADCASTING COMPANY, INC., Appellant. (Action No.
2.)

Third Department, October 15, 1987

**APPEARANCES OF COUNSEL**

*Ackerman, Wachs & Finton, P. C. (F. Stanton Ackerman* of counsel), for appellant.

*Hiscock & Barclay (Richard L. Weisz* of counsel), for respondent.

**OPINION OF THE COURT**

WEISS, J.

Plaintiffs in each of these actions, which were joined for a nonjury trial, are law firms seeking recovery for legal services rendered to defendant in connection with a proposed purchase of an FM radio station, WGFM, from General Electric Broadcasting Company (hereinafter GE). Plaintiffs each dealt with Anthony Mason, the sole shareholder and president of defendant, which owned and operated AM radio station WOKO.

Both law firms had previously rendered legal services to defendant in its acquisition of WOKO.

On May 14, 1979, pursuant to Mason's request, plaintiff Lewis & Clarkson (hereinafter Lewis) created a separate corporation, Mountain Radio, Inc. (hereinafter Mountain), to actually consummate the purchase from GE and hold the FM license of WGFM. Mountain was an otherwise inactive corporation, with an escrow account as its only asset. After Mountain was incorporated, both plaintiffs continued to provide legal services relative to the WGFM acquisition, dealing with Mason as the representative of both defendant and Mountain, and sending their bills for services to Mason at the address of WOKO. No new retainer agreement or contingent fee arrangement was made with either plaintiff, and Mason never challenged the amount of any bills sent. In late 1979, GE exercised a contract option to terminate the proposed sale of WGFM. Thereafter, plaintiffs commenced the instant actions against defendant to recover for their services in connection with the WGFM acquisition.* After a nonjury trial, Supreme Court dismissed all of Lewis' causes of action except those for breach of contract and quantum meruit and granted judgment to Lewis in the sum of $26,758, and judgment to plaintiff Schwartz, Woods & Miller in the amount of $7,759.26, plus costs and interest. Defendant has appealed in each action.

■ Defendant contends that Supreme Court erred in granting plaintiffs' trial motion to conform the pleadings to the proof. We disagree. Initially, we observe that defendant raised only a limited objection at trial, specifying that it "would only object to that if any of the proof is beyond the statutory limitation period, because some of the transactions in this case * * * relate to 1979". In any event, we find no substance in defendant's present assertion of undue surprise. A motion to conform pursuant to CPLR 3025 (c) is addressed to the sound discretion of the court and, absent undue prejudice or surprise, should be liberally granted (*Murray v City of New York*, 43 NY2d 400, 404-405; *Guest v City of Buffalo, Dept. of Sts. Sanitation*, 109 AD2d 1080, 1081). Defendant complains that plaintiffs' trial testimony extended beyond the pleadings by suggesting that defendant assumed the obligations of Mountain, which allegations effectively created a new cause of action, i.e., a contract to pay the debt of another. Our review

* We note that in February 1981, Mason apparently sold defendant and the present owners are pursuing this appeal.

of the pleadings confirms, however, that plaintiffs were not attempting to interject new facts by their motion to conform but were merely attempting to establish a theory of recovery premised on Mason's oral retainer agreements, as indicated in the pleadings and amplified in the respective bills of particulars. Since defendant was clearly apprised of these facts, Supreme Court did not abuse its discretion in granting plaintiffs' motion even though it was made during trial (see, *Murray v City of New York, supra,* at 405).

■ Defendant further maintains that Supreme Court erred in denying its motion to amend its answer to plead the Statute of Frauds as an affirmative defense in response to plaintiffs' trial testimony that defendant had assumed the obligations of Mountain (see, General Obligations Law § 5-701 [a] [2]). Even assuming that defendant was authorized to assert this defense, under the circumstances presented the Statute of Frauds does not serve to bar plaintiffs' recovery. Contrary to defendant's characterization, plaintiffs did not premise their theory of recovery on defendant's agreement to assume the liability of a third party. Rather, plaintiffs maintained that defendant, through the oral agreements of Mason, assumed the primary obligation to pay for plaintiffs' services (see, *Rowan v Brady,* 98 AD2d 638, 639; *Slavenburg Corp. v Rudes,* 86 AD2d 517, 518). In any event, there was sufficient documentation of defendant's payments to plaintiffs to satisfy the Statute of Frauds requirement of "some note or memorandum" (General Obligations Law § 5-701 [a]; *see, Crabtree v Arden Sales Corp.,* 305 NY 48). We further observe that an agreement to pay for the services of an attorney in negotiating the purchase, sale or exchange of a business are expressly exempted from the requirement of a writing (General Obligations Law § 5-701 [a] [10]).

■ We further find that Supreme Court's decision holding defendant liable is supported by a preponderance of the evidence. Plaintiffs' testimony showed that Mason, as president of defendant, retained each plaintiff and committed defendant to pay for their services regardless of the outcome of the efforts to acquire WGFM. This testimony was uncontradicted by defendant's witnesses. Nor did defendant call Mason to refute these claims. Moreover, written evidence consisting of checks from defendant paid on account of plaintiffs' bills drawn even after Mountain was incorporated demonstrate defendant's primary obligation to pay. A written list of defendant's accounts payable includes the indebtedness to plaintiffs.

A letter signed by Mason, as president of defendant, dated July 13, 1979 and written on defendant's stationery, confirms defendant's intention to pay for legal services associated with the acquisition of WGFM. Moreover, the evidence was sufficient to show that Mountain was the alter ego of defendant and that defendant directly benefited from plaintiffs' services thereby justifying liability on a quantum meruit basis.

Finally, we reject defendant's contention that Supreme Court's findings of fact and conclusions of law were insufficient as a matter of law. Supreme Court adopted plaintiffs' proposed findings which included the factual foundation supporting a primary obligation of defendant to pay plaintiffs and the method of computation of the fees *(see, Matter of Ives v Ives,* 105 AD2d 527, *lv denied* 64 NY2d 610).

KANE, J. P., MAIN, YESAWICH, JR., and LEVINE, JJ., concur.

Orders and judgments affirmed, with costs.