■ CATHLEEN M. QUINN, Respondent, v CAROLE A. KRUMLAND et al., Appellants.

Pursuant to a lease agreement dated December 28, 1988, the plaintiff, a rent-stabilized tenant of a formerly rent-controlled apartment in a building owned by the defendants, paid $1,000 a month rent from January of 1989 through December of 1989. She then paid $1,050 a month from January of 1990 through March of 1990. A security deposit of $1,050 was also paid by the plaintiff in December of 1988.

The plaintiff thereafter commenced this action seeking compensatory and treble damages for illegal overcharge. The

complaint alleged that the defendants failed to register the plaintiff's apartment, in violation of the rent regulatory laws, with the State Division of Housing and Community Renewal for the calendar years 1985, 1986, 1987, 1988 and 1989 and that the maximum monthly rental permitted by law was actually $229.77.

In support of her motion for summary judgment, the plaintiff alleged that she first received a registration document for her apartment from the landlord in April of 1990 and that although this "Owner's Report of Vacancy Decontrol" was facially dated December 28, 1988, documents from the Division of Housing and Community Renewal ("DHCR") indicate that the registration form was not actually filed until April 23, 1990. In opposition, Alexander Dorogoff, Executive Vice-President of the defendants, asserted that he signed the apartment registration in December of 1988 and directed his associate to mail it certified mail, return receipt requested to the DHCR.

The certified mail, return receipt card contains the stamp of a purported employee of the DHCR but no postmark or date. Dorogoff alleged that the DHCR rather than the defendants was responsible for the failure to record the form and that the April, 1990 registration form contained in the DHCR's records was the form he resubmitted after he was notified that the original had not been recorded. The plaintiff then submitted an affidavit from a United States Postal Service Manager who stated that the alleged receipt for certified mail did not prove mailing by certified mail since it was not validated by the United States Postal Service. Nor was she able to find a record of the certified mail number being delivered to the DHCR during the months of December, 1988 or January, 1989.

Contrary to the conclusion reached by the Supreme Court, we find that issues of fact exist precluding the award of summary judgment (*Zuckerman v City of New York,* 49 NY2d 557). The plaintiff has not challenged the defendants' assertion that the certified mail receipt contains the stamp with the name of an employee of the DHCR. This receipt, along with the affidavits of Dorogoff, are sufficient to defeat the plaintiff's motion. The documents and affirmations submitted by the parties raise questions as to when the initial registration form was filed with the DHCR and if the DHCR did not receive the form in December of 1988, was it through the willful actions of the defendants.

The function of a court on a motion for summary judgment is not to determine credibility or to engage in issue determina-

tion, but rather to determine the existence or non-existence of material issues of fact *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338; *Rowan v Brady,* 98 AD2d 638). Since issues of fact exist, it was error to grant the plaintiff's motion for summary judgment. Concur—Murphy, P. J., Rosenberger, Ellerin and Asch, JJ.