■ BRUCE MATTHEWS et al., Appellants, v SCHLUMBERGER LIMITED et al., Respondents, et al., Defendant. [612 NYS2d 828] — Order, Supreme Court, Suffolk County (Robert Doyle, J.), entered on or about December 31, 1991, which granted defendants' motion "for an order dismissing the complaint [pursuant to CPLR 3211 (a)] and for summary judgment [pursuant to CPLR 3212]", unanimously modified, on the law, to declare in connection with the fourth cause of action that plaintiffs' employee stock options ceased vesting as of the date of their terminations, and otherwise affirmed, with costs to respondents.

The IAS Court did not improperly treat the motion as one for summary judgment in violation of the notice requirement of CPLR 3211 motion that the court converted to a summary judgment motion, but was, *ab initio,* a motion for summary judgment as well. CPLR 3212 is cited five times in defendants' notice of motion, and plaintiffs' counsel acknowledged four times in his opposition papers that this was a motion for dismissal of the complaint and for summary judgment. With respect to that prong of defendants' motion seeking summary judgment, plaintiffs were obliged to oppose with evidence countering the facts shown by defendants' documentary evidence. Even if plaintiffs' largely conclusory pleadings were minimally enough to survive a CPLR 3211 motion, the factual averments in the complaint, verified only by counsel, lacked probative value and were not enough to defeat the motion for summary judgment *(see, e.g., Offset Paperback Mfrs. v Banner Press,* 47 AD2d 733, *affd* 39 NY2d 770). We modify only to declare the rights of the parties implicit in the IAS Court's dismissal of the fourth cause of action *(see, Lanza v Wagner,* 11 NY2d 317, 334). We have considered plaintiffs' remaining arguments and find them to be without merit. Concur—Carro, J. P., Rosenberger, Ross, Asch and Tom, JJ.