■ Hafez Fine Rugs & Antique Arts, Inc., et al., Appellants, v Parvizian, Inc. of Texas et al., Respondents. [890 NYS2d 1]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered February 17, 2009, dismissing the complaint, unanimously reversed, on the law, with costs, and the complaint reinstated. Appeals from orders, same court and Justice, entered January 29, 2009, which granted defendants' motion for summary judgment, and June 3, 2009, which, to the extent appealable, denied plaintiffs' motion to renew, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Local wholesale rug merchants sued for breach of contract to recover the cost of goods allegedly sold and/or consigned to nondomiciliaries. In opposition to defendants' motion for summary dismissal for lack of personal jurisdiction, plaintiffs submitted an affidavit noting, inter alia, that the individual defendant regularly met with plaintiffs to purchase rugs or take them on consignment, that he visited plaintiffs' New York store just before the purchase of the rugs in question, that these rugs were shipped shortly thereafter, that a small portion of them were returned and some minimal payments made on this transaction, and that a larger number of rugs was later returned but heavily damaged in transit.

These allegations, which are presumed true on defendants' motion for summary judgment, support a finding that defendants transacted business within this state through purposeful activities bearing a substantial relationship to the claim asserted (*see Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 72 [2006], *cert denied* 549 US 1095 [2006]; *Fabrikant & Sons v Adrianne Kahn, Inc.*, 144 AD2d 264 [1988]). The exercise of jurisdiction under these circumstances comports with due process (*see LaMarca v Pak-Mor Mfg. Co.*, 95 NY2d 210, 218-219 [2000]).

With regard to the individual defendant, plaintiffs do not allege that he agreed to pay for the corporate defendant's debts, which would be an unenforceable claim in the absence of his written acknowledgment to that effect (*see* General Obligations

Law § 5-701 [a]), but rather that his obligation to plaintiffs was a primary and independent one outside the purview of the statute of frauds (see Slavenburg Corp. v Rudes, 86 AD2d 517, 518 [1982]). In support of this position, plaintiffs asserted that prior to their shipment of $2 million worth of rugs to Texas, the individual defendant disclosed his personal wealth to them and personally agreed to take on responsibility for payment and/or return of the rugs, an agreement repeated during the parties' dealings. These claims, which must be treated as true on the motion, create a triable question of fact as to whether the individual defendant's promise to pay was an original primary obligation or a secondary one (see Rowan v Brady, 98 AD2d 638 [1983]). Concur—Mazzarelli, J.P., Andrias, Friedman, Nardelli and Moskowitz, JJ.