INNIS, PEARCE & COMPANY, Respondent, *v.* G. H. POPPENBERG, INC., Appellant.

Fourth Department, June 30, 1925.

**Pleadings — answer — action to recover purchase price of goods — plaintiff annexed to complaint schedule of items in three groups without numbering separate items — defendant interposed defense of general denial with admission of sale of certain goods, defense of payment and tender — complaint did not conform to Civil Practice Act, § 255-a, and defendant was not required to deny every item specifically in order to raise issue as to delivery, reasonable value or agreed price — error to strike out general denial.**

In an action to recover the purchase price of goods in which the plaintiff annexed to the complaint a schedule setting forth in three groups the items of the claim and the reasonable value and agreed price of each without numbering each separate item as required by section 255-a of the Civil Practice Act, it was error to strike out the general denial from defendant's answer, which also contained an admission that certain of the goods were sold to the defendant and a defense of payment and tender, on the theory that defendant had not complied with section 255-a of the Civil Practice Act, by indicating specifically the items which he disputed in respect of delivery, reasonable value or agreed price, for the defendant is not required to comply with that section, where the complaint does not number each specific item of the schedule.

APPEAL by the defendant, G. H. Poppenberg, Inc., from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 13th day of March, 1925, striking out denials contained in defendant's answer.

*Paul V. Sheehan,* for the appellant.

*Wilbur B. Grandison* [*Ethan W. Judd* of counsel], for the respondent.

CROUCH, J.:

Plaintiff brought this action to recover for goods sold and delivered to defendant. It may be assumed that the complaint was verified, though the printed record does not so show. Annexed to the complaint was a schedule setting forth the items of the claim and the reasonable value and agreed price of each. The separate items were not numbered, but were gathered together into three

numbered groups. Defendant's answer was (1) a general denial coupled with an admission that plaintiff had "sold to defendant * * * certain goods, wares and merchandise;" (2) payment; and (3) tender. Plaintiff, claiming that the complaint was framed under section 255-a of the Civil Practice Act, moved to strike out the answer for failure to comply with that section. The court ordered the denial struck out, unless defendant should within ten days serve an amended answer indicating specifically the items contained in the schedule which it disputed with respect to delivery, reasonable value or agreed price.

Section 255-a was added to the Civil Practice Act by Laws of 1923, chapter 196, and reads as follows: " In any action involving the sale and delivery of goods, the plaintiff may, in a schedule attached to and forming part of his verified complaint, set forth and number the items of his claim and the reasonable value or agreed price of each. Thereupon the defendant by his verified answer must indicate specifically the items, if any, which he disputes in respect of delivery, reasonable value, or agreed price."

Where a complaint is properly framed under this section, the effect is to take away from a defendant the right to traverse by a general denial the allegations of delivery, reasonable value or agreed price. If defendant desires to controvert the items or any of them in respect to those matters or either of them, he must do so by specifically denying the numbered item or items in the respect controverted. Notwithstanding a general denial in the answer, any item not specifically denied stands admitted in respect to delivery, reasonable value or agreed price as stated in the schedule. No motion to strike out or to compel amendment is necessary.

The word " items " as used in section 255-a will generally mean the particulars in such detail that the account may be readily examined and its correctness tested entry by entry.

The numbering of the items in the schedule is an essential part of the pleading. Without it there would inevitably be prolixity and lack of clear definition in the answer, leading to doubt and confusion on the part of both court and counsel. The object of the section is to narrow and define the field of controverted facts, primarily for the benefit and convenience of plaintiff and incidentally to save the time of the courts. If a plaintiff seeks the benefit of the section, he must comply with its provisions by numbering the items. By omitting to number, he fails to present his claim in the issuable form contemplated. The defendant is not then bound to attempt a specific denial. An unnumbered schedule is but a statement of the items of an account given without the demand mentioned in section 246 of the Civil Practice Act.

The order should be reversed, with ten dollars costs and disbursements.

HUBBS, P. J., DAVIS, SEARS and TAYLOR, JJ., concur.

Order reversed, with ten dollars costs and disbursements.