DYNAMO AND MOTOR EXCHANGE, INC., Plaintiff, *v.* BROWN AUTO HOSPITAL, INC., Defendant.

Supreme Court, Erie County, April 24, 1931.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*LeGrand F. Kirk*, of counsel], for the plaintiff.

*Harry A. Kulowski*, for the defendant.

HINKLEY, J. Plaintiff sued for work, labor and services performed and materials furnished. The plaintiff annexed to its complaint a list of items numbered " 1 " to " 24," in compliance with section 255-a of the Civil Practice Act. The defendant, in its answer, set forth first a general denial. Defendant then specifically

denied items 1, 2 and 3. Defendant then specifically denied, "upon information sufficient to form a belief," items 5 to 20, inclusive. Defendant then specifically denied in paragraph "Sixth" of its answer, items 21 to 24, inclusive, although not referring to the numbers. Defendant then set up a defense and counterclaim that all services performed by plaintiff were incompetently and unskillfully performed and asked for specific damages. To the counterclaim plaintiff filed a written verified reply.

"The object of the section [255-a of the Civil Practice Act] is to narrow and define the field of controverted facts, primarily for the benefit and convenience of plaintiff and incidentally to save the time of the courts." (*Innis, Pearce & Co.* v. *Poppenberg, Inc.,* 213 App. Div. 789, 790.)

The section was not intended to be used to foreclose a proper defense. It merely provides that if plaintiff seeks to obtain its benefit by proper pleading, the defendant must specifically indicate the items, if any, which he disputes, in respect of delivery or performance, reasonable value or agreed price. In so far as it fails to so indicate, the items stand admitted even in the face of a general denial. (*Innis, Pearce & Co.* v. *Poppenberg, Inc., supra; International Milk Co., Inc.,* v. *Cohen,* 219 App. Div. 308.)

Upon the trial in the lower court, the plaintiff swore only one witness and the judge summarily determined that defendant should not be permitted the privilege of cross-examination of that witness, present its defense nor be granted the right to litigate its counterclaim to which plaintiff had replied.

This, of course, was error and demands a new trial.

Judges in all courts, and particularly in inferior courts, where cases are hurriedly and informally conducted and where few litigants can afford the expense of an appeal, should be ever vigilant to grant everyone his or her day in court.

The interesting question arises as to whether section 255-a of the Civil Practice Act requires that a defendant specifically indicate not only each item that he disputes but whether he disputes the delivery, performance, reasonable value or agreed price of each of such items.

In view of the decision in this case to grant a new trial that question must be left to be determined upon that trial. Any decision of that question at this time would be neither controlling nor decisive.

Judgment of the lower court reversed and a new trial granted, with costs to abide the event.