HAROLD J. BROZYNA, Respondent, *v.* EDWARD ANDRESKI, Appellant.

Third Department, December 2, 1958.

*Ernest Abdella* for appellant.

*Dante M. Scaccia* for respondent.

REYNOLDS, J. This is an appeal from a judgment of the Supreme Court, Schenectady County, which granted the plaintiff's motion for judgment on the pleadings. The action is one for the balance due on the sale by the plaintiff of certain merchandise to the defendant. The complaint in this action was originally served in October, 1956. An answer and a demand for a bill of particulars were served in November, 1956. At a pretrial conference in September, 1957 the complaint was with-

drawn and thereafter an amended complaint was served on the defendant. Attached to this amended complaint was a schedule under section 255-a of the Civil Practice Act. The defendant served an answer containing a general denial and alleged as a separate defense that the plaintiff had been fully paid.

The appellant argues that the schedule which the plaintiff attached to his amended complaint did not comply with section 255-a of the Civil Practice Act in that it contained no description whatsoever of the goods that were sold. The respondent contends that the form of the schedule was in accordance with the agreement reached at the pretrial conference and that the defendant was fully apprised of the items of the plaintiff's claim and has failed to comply with the requirements of the section in the preparation of his answer. The appellant denies the pretrial agreement and that it was so apprised.

Section 255-a states that in an action of this nature the plaintiff may in a schedule attached to his complaint set forth and number items of his claim and the reasonable value or agreed price of each. If the plaintiff complies with these provisions then the defendant must in his answer indicate specifically the items which he disputes in respect to delivery, or performance, reasonable value or agreed price. Perhaps the leading case interpreting this section is that of *Innis, Pearce & Co.* v. *G. H. Poppenberg, Inc.* (213 App. Div. 789, 790). The court stated: '' The word ' items ' as used in section 255-a will generally mean the particulars in such detail that the account may be readily examined and its correctness tested entry by entry.''

It would seem therefore that plaintiff has not complied with the section. Certainly in order to test the account the defendant would have to know what the items were which the plaintiff is claiming that he sold to the defendant. Without this knowledge he cannot indicate specifically the items which he disputes. In the complaint the plaintiff stated that the goods sold were tile supplies but in the schedule where the items are numbered there is no description at all. It was held in the *Innis* case, that a schedule which does not number the items is defective. In our view a schedule which contains no description whatsoever of the goods sold does not comply with the statute.

Section 255-a was enacted as a convenience to plaintiffs in this type of action for goods sold and delivered. In order to obtain the benefit of the section and compel the defendant to indicate specifically the items which he disputes the plaintiff must comply with the terms of the section. It would be inequitable to force the defendant to so indicate when the plaintiff

has given him no description whatever of the items claimed to have been sold and delivered.

The plaintiff contends that the schedule in question was agreed upon by the parties as sufficient at a pretrial conference. As stated above, this the defendant denies. Under rule 4 of the Rules of Civil Practice, any such agreement to be binding would have to be in writing and subscribed by the party or his counsel. Rule 4 specifically does not apply to oral stipulations made in open court but such was not the case here.

The fact that there was a defense of payment alleged in the answer also requires reversal. Under section 255-a, a defendant who fails to indicate specifically the items which he disputes is not deprived of all opportunity to defend but he cannot dispute delivery or performance, reasonable value or agreed price (*Guth Co.* v. *Gurland,* 246 App. Div. 67). Thus the defense of payment which the defendant set up in his answer could have been validly interposed even if the plaintiff's schedule had complied with section 255-a.

The judgment and order should be reversed and the motion denied.

Foster, P. J., Bergan and Herlihy, JJ., concur.

Judgment and order reversed, with costs, and motion denied, without costs.