■ B & C SMITH, INC., Respondent, v LAKE PLACID 1980 OLYMPIC GAMES, INC., Appellant. — In an action to recover the balance due for goods sold and delivered, the defendant appeals from a judgment of the Supreme Court, Westchester County (Cerrato, J.), dated September 19, 1980, which was in favor of the plaintiff upon the granting of plaintiff's motion for summary judgment. Judgment reversed, with $50 costs and disbursements, plaintiff's motion for summary judgment is denied and defendant's answer is reinstated. About one month after the complaint was served, and two weeks after issue was joined, the plaintiff moved, *inter alia,* to strike defendant's answer and for summary judgment, arguing that the defendant's answer was required to be struck for failure to comply with the requirements of CPLR 3016 (subd [f]) and that there were no triable issues of fact. Special Term, *inter alia,* struck defendant's answer and awarded summary judgment to plaintiff. We reverse. · The answer should not have been stricken for failure to comply with CPLR 3016 (subd [f]) since the complaint itself did not comply with the requirements of that provision (see *Aluminum Bldg. Prods. Corp. v Katz Corp.,* 30 AD2d 571). The plaintiff seeking the balance due on the entire account, did not identify the unpaid items of its claim. It merely attached to the complaint 37 invoices representing the entire amount, without specifying which items were allegedly paid for and which were not. Moreover, plaintiff failed to number the items of its claim as also required by CPLR 3016 (subd [f]) (see *Aluminum Bldg. Prods. Corp. v Katz Corp., supra; Innis, Pearce & Co. v G.H. Poppenberg, Inc.,* 213 App Div 789; *Personal Pool of Manhattan v Dinanno,* 75 Misc 2d 835). Accordingly, the complaint did not trigger a duty on the part of the defendant to specifically dispute each item. To the extent that Special Term granted plaintiff summary judgment because there were no triable issues of fact, rather than because of its decision to strike defendant's answer, we conclude that Special Term's determination of the merits of the motion was premature. Whether plaintiff had indeed delivered all of the goods for which it sought payment was in dispute. It appears that most of the goods purchased from plaintiff were ordered by and delivered to agents of ARA Services, Inc. (ARA) of Philadelphia, the corporation with which defendant had contracted to manage and operate defendant's "non-spectator food operations". Defendant would pay plaintiff upon verification by ARA that goods had been received by it from plaintiff. It is not disputed that, in this way, defendant paid to plaintiff the sum of $131,540 upon a total account which plaintiff alleges to have amounted to $194,801.59. In opposing the motion for summary judgment, defendant alleged that it had not paid more than $131,540 because it had been unable to verify whether additional goods had been received by ARA from plaintiff. Defendant's controller averred that he was having the additional invoices audited to determine their validity and had requested ARA to provide whatever information it had on the matter, but that such information had not yet been received. Further, while plaintiff alleged that the total amount of defendant's account was $194,801.59, the documentary evidence it submitted on the motion tended to establish the delivery of goods for which it would have been entitled to receive only $151,553.54. In this respect, plaintiff's attorney averred, "The remainder of the items were delivered to defendant but signed receipts have not yet been received from the manufacturers for them". Since, at that relatively early stage of the litigation, both parties were not in possession of information essential to a proper determination of the motion, but were in the process of obtaining it, and since it appears defendant had

acted with due diligence in attempting to obtain the information, Special Term should not have granted plaintiff summary judgment. Damiani, J. P., Lazer, Gulotta and Margett, JJ., concur.