■ DAVID J. HALL, Appellant, v LINDA HALL, Respondent. — Appeal from a judgment of the Supreme Court at Trial Term (Harvey, J.), entered December 21, 1981 in Clinton County, which, *inter alia,* awarded defendant custody of the parties' infant daughter. On this appeal, plaintiff David Hall, who seeks joint custody of the child, challenges provisions of a judgment of divorce awarding custody to the mother Linda Hall, without first conducting a hearing. He also contends that the court erred in naming the mother trustee of an educational trust to be funded by plaintiff. In making its custody determination, the court utilized reports prepared by the Mental Health and Probation Departments. More was required, however, for the issue of custody "is one which should not be resolved without a full and comprehensive hearing" (*Matter of Daley v Daley,* 51 AD2d 830, 831; see, also, *Matter of Noel v Derrick,* 71 AD2d 704). A plenary hearing was particularly apropos here as the reports themselves were not consistent in their conclusions concerning custody. Apart from noting that plaintiff's objection to the mother acting as trustee is an entirely emotional one, we see no need to address plaintiff's remaining argument. Judgment modified, on the law, by reversing so much thereof as awards custody to defendant, and matter remitted for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

■ WILLIAM W. MILLINGTON, Respondent, v MILTON J. TESAR, Appellant. — Appeal from an order of the Supreme Court at Trial Term (Dier, J.), entered March 4, 1982 in Warren County, which granted plaintiff's motion for summary judgment. Plaintiff served defendant with a verified complaint bearing an itemized and detailed list of legal services performed by plaintiff for defendant. Defendant's answer bore a general denial. Plaintiff moved for judgment on the pleadings pursuant to CPLR 3016 (subd [f]), which motion was granted. Where work, labor and services are itemized and the reasonable value or agreed price thereafter are stated in a verified complaint, the defendant must, by his verified answer, indicate specifically those items in dispute. A general denial fails to raise a question of fact and plaintiff is entitled to a judgment on the pleadings (*Duban v Platt,* 23 AD2d 660, affd 17 NY2d 526). Order affirmed, with costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.