■ COUNTY EXCAVATION, INC., Respondent, v ROBERT L. MIDDLETON et al., Appellants. — Appeal from that part of an order of the Supreme Court at Special Term (Conway, J.), entered November 17, 1981 in Albany County, which granted plaintiff's motion for summary judgment. In an action to recover for labor, material and equipment allegedly supplied during the repair and improvement of defendants' parking lot, plaintiff, pursuant to CPLR 3016 (subd [f]), attached to its amended complaint a Schedule A setting forth under

the headings of "Labor", "Materials" and "Equipment", the components making up each item for which recovery was sought. The Labor heading (Item No. 1), for example, was comprised of subitems consisting of the number of hours worked by the foreman (1a), operator (1b) and laborer (1c) and the reasonable value or agreed price for their labor. Rather than deny the items of Schedule A by item number as the official form for a CPLR 3016 (subd [f]) answer, which is sufficient under CPLR 107, suggests (1A West's McKinney's Forms, § 4:400, p 349), defendants in their verified answer adverting to Schedule A denied that the materials were delivered, that the number of hours of labor were performed, and denied the reasonable or agreed price for the materials and labor. They also disputed ever being supplied with the equipment for the number of hours charged. In addition to refuting that each and every item of Schedule A had been supplied to them, defendants, while acknowledging that plaintiff has resurfaced a portion of the parking lot, disclaimed having ever entered into a contract with plaintiff. Responding to plaintiff's motion for summary judgment, which was granted, the individual defendant vehemently adhered to defendants' amended answer, disavowed the contract's existence, and averred that plaintiff never "supplied anywhere near the amount of material, labor, etc. asserted in [the] complaint". The detail embodied in the answer makes it apparent that this was more than a general denial (cf. *Millington v Tesar,* 89 AD2d 1037; *Offset Paperback Mfrs. v Banner Press,* 47 AD2d 733, affd 39 NY2d 770). As the statute requires, defendants specifically registered their disagreement over delivery, performance and reasonable value or agreed price. Wishing to deny everything in the complaint, they did so by particular reference to the Schedule A headings. This degree of specificity was sufficient. We find no logical reason for imposing upon defendants the added burden of denying subheadings simply because they denied the items on Schedule A by heading instead of by number. An unnecessarily rigorous application of CPLR 3016 (subd [f]) should not prevent the consideration of serious issues of fact (*Metro Envelope Corp. v Westvaco,* 72 AD2d 695, 696). Order modified, on the law, by reversing so much thereof as granted plaintiff's motion for summary judgment, and said motion denied, and, as so modified, affirmed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.