UNITED TIRE & RUBBER COMPANY, LTD., Respondent, v CONTRACTOR TIRE SALES, INC., Appellant.—Kane, J.

In 1979, plaintiff and defendant entered into a contract whereby plaintiff agreed to deliver tires to defendant on consignment. The parties dealt with one another under this contract until 1984, when the agreement was terminated. It appears from the record that disputes arose between the parties as to the quantity, quality and price of tires delivered to defendant. Contending, *inter alia,* that defendant had failed to pay plaintiff for tires it received between March 20, 1984 and April 27, 1984, plaintiff initiated this action in February 1985. Plaintiff claimed that $92,028.20 was the outstanding balance on the account and claimed $20,670.84 as interest. Attached to the complaint was a schedule listing invoice numbers, dates and amounts owed. Plaintiff stated that this list was a specification of the items for which defendant owed, pursuant to CPLR 3016 (f). In its answer, defendant admitted that it had received deliveries of tires, but disputed the amount owed as set forth by plaintiff's schedule. Defendant also set forth a counterclaim, claiming that plaintiff owed defendant various credits which had not been deducted from the invoices.

Plaintiff then moved for summary judgment on its first and second causes of action, seeking the above-described money judgment, on the ground that defendant had failed to indicate specifically which items on plaintiff's schedule it contended were incorrect, as required by CPLR 3016 (f). Defendant opposed the motion and cross-moved for summary judgment on its counterclaim, asserting, *inter alia,* that plaintiff's complaint did not meet the requirements of CPLR 3016 (f) and, therefore, defendant was not required to comply with the statute. Special Term found that plaintiff's complaint did satisfy the requirements of CPLR 3016 (f) and that defendant's answer did not satisfy those requirements, and accordingly granted plaintiff's motion for summary judgment. Having reached this conclusion, Special Term granted plaintiff's motion for a protective order. Special Term also found that the documents defendant submitted created questions of fact with

respect to defendant's counterclaim, and thus denied defendant's cross motion.

Thereafter, defendant obtained new counsel and moved for reargument and/or renewal, contending that the documents submitted by defendant showed that issues of fact existed as to the invoices listed on the schedule in the complaint and that, even if defendant's answer did not meet the requirements of CPLR 3016 (f), summary judgment should not have been granted since there were demonstrated issues of fact. Special Term denied defendant's motion, finding nothing new asserted in defendant's motion and that its initial decision had been correct. Defendant appeals from both the order granting partial summary judgment, the judgment entered thereon and the order denying reargument and/or renewal.

Defendant contends that Special Term erred in granting summary judgment to plaintiff on the ground that defendant had failed to comply with the requirements of CPLR 3016 (f), because plaintiff's complaint did not meet the statute's requirements and defendant was thus relieved from having to similarly comply. We agree.

CPLR 3016 (f) provides that, in an action involving the sale and delivery of goods, a plaintiff may set forth and number the items of the claim and the price of each. The defendant is then required, in its answer, to indicate specifically the items it disputes and the aspects of the claim which it disputes. If, as plaintiff alleges occurred here, the defendant fails to answer specifically but instead provides a general denial, that general denial is insufficient to raise a question of fact and the plaintiff is entitled to summary judgment (Millington v Tesar, 89 AD2d 1037, lv denied 58 NY2d 601). However, if the plaintiff has not complied with CPLR 3016 (f), the defendant is not required to indicate specifically the items in dispute, and a general denial will be sufficient (see, B & C Smith, Inc. v Lake Placid 1980 Olympic Games, 84 AD2d 544).

A review of this record reveals that the schedule attached to plaintiff's complaint was insufficient to satisfy the requirements of CPLR 3016 (f). The schedule simply listed invoice numbers, dates, and the total amount owed on each invoice. Most of these invoices apparently contained a number of items. The mere listing of invoice numbers does not enable defendant to analyze the transactions contained therein without looking at the actual invoices (see, Slavenburg Corp. v Rudes, 86 AD2d 517; B & C Smith, Inc. v Lake Placid 1980 Olympic Games, supra; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3016.19). Accordingly, the general denial contained in defen-

dant's answer was sufficient and plaintiff's motion for summary judgment should have been denied (3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3016.20).

Since plaintiff's motion for a protective order was based on defendant's alleged failure to comply with CPLR 3016 (f), the granting of such motion must also be reversed.

Finally, we dismiss defendant's appeal from the order denying reargument and/or renewal as academic. Moreover, we note that despite its label, this motion was actually only a motion for reargument and no appeal lies from an order denying reargument.

Order entered June 19, 1985 and judgment modified, on the law, with costs to defendant, by reversing so much thereof as granted plaintiff's motions for summary judgment and for a protective order; motions denied; and, as so modified, affirmed.

Appeal from order entered October 15, 1985 dismissed, as academic, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.