■ CIBRO PETROLEUM PRODUCTS, INC., Appellant, v ONONDAGA OIL COMPANY, INC., Doing Business as ONONDAGA OIL & ENERGY, Respondent.—Levine, J. Appeal from an order of the Supreme Court (Doran, J.), entered April 16, 1987 in Albany County, which denied plaintiff's motion for summary judgment.

Plaintiff's complaint, verified by its regional manager, set forth two alternative causes of action for the aggregate unpaid price of $150,000 for petroleum products allegedly delivered to defendant between May 13, 1985 and October 9, 1985. The first cause of action was grounded in contract. The second cause of action alleged that an account was stated between

the parties for the deliveries, each separately stated and numbered as schedule A attached to the complaint, pursuant to CPLR 3016 (f). Schedule A set forth 90 separately numbered items according to invoice numbers, fees charged, invoice dates and product descriptions. Defendant's answer, accompanied by an attorney's verification, consisted of a general denial and further denials, "upon information and belief", that any of the products itemized in the schedule were of the reasonable value or agreed price as therein set forth. Defendant also interposed a counterclaim for some $1,700 concerning an unrelated transaction. Plaintiff then moved for summary judgment, raising not only the inadequacy of the answer as a defense to an account stated pleaded under CPLR 3016 (f), but, in the moving affidavit of plaintiff's manager, also averring that the account was accurate and that the deliveries were made pursuant to an agreement between the parties fixing the charges for the products delivered according to daily industry price quotations. Supreme Court denied plaintiff's motion on the ground that it had not properly pleaded a cause of action under CPLR 3016 (f).

In our view, plaintiff's motion should have been granted. The schedule attached to plaintiff's complaint is indistinguishable from that held sufficient to comply with CPLR 3016 (f) in *Cibro Petroleum Prods. v East Schodack Fuel & Contr. Corp.* (135 AD2d 947). It is highly questionable whether defendant's answer, in denying that all of the prices listed in the 90 items in the schedule were either reasonable or agreed upon, without further elaboration, pleaded anything more than the equivalent of a general denial, which would have been insufficient to withstand a motion for judgment on the pleadings *(see, Millington v Tesar,* 89 AD2d 1037, *lv denied* 58 NY2d 601)*.* Here, however, plaintiff moved for summary judgment and submitted evidentiary proof to sustain its cause of action. Defendant's answer was verified by its attorney, who had no personal knowledge of the facts. Moreover, nowhere in the affidavit of defendant's chief executive officer, submitted in opposition to plaintiff's motion, are there averments specifically denying that an account was rendered or disputing, except in the vaguest and most conclusory fashion, that the prices set forth in plaintiff's schedule were agreed upon. Indeed, the only truly factual averments in the affidavit related to a disagreement between the parties, after the account was rendered and payment was demanded, over defendant's plan for payment over a period of time. These averments were insufficient to create a triable issue *(Roths-*

*child Sunsystems v Pawlus,* 129 AD2d 933, 934, *lv denied* 70 NY2d 610). The cases relied upon by defendant are distinguishable in that the defendants' answers in those cases, verified by persons having knowledge of the facts, together with supplementary opposing affidavits, genuinely raised specific factual issues on one or more elements of the plaintiffs' right of recovery *(see, Vermont Morgan Corp. v Ringer Enters.,* 92 AD2d 1020; *County Evacuation v Middleton,* 90 AD2d 660; *Harold R. Clune, Inc. v Healthco Med. Supply,* 78 AD2d 914).

Order reversed, on the law, with costs, motion granted and summary judgment awarded to plaintiff. Kane, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.