■ Teal, Becker & Chiaramonte, CPAs, P. C., Respondent, v Valerie Sutton, Doing Business as Century 21, Inc., Appellant. [602 NYS2d 956] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Travers, J.), entered March 24, 1992 in Albany County, which partially granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiff seeks to recover amounts allegedly due and owing for accounting and tax preparation services rendered during the period from July 3, 1989 through July 16, 1990. After issue was joined, plaintiff moved for summary judgment on the complaint and for dismissal of defendant's various counterclaims. This appeal, pursued by defendant alone, primarily brings up for review whether Supreme Court erred in finding that the first cause of action of the complaint satisfies the criteria of CPLR 3016 (f).

To meet the requirements of CPLR 3016 (f), a complaint must contain a listing of the goods or services provided, with enough detail that it "may readily be examined and its correctness tested entry by entry" (Innis, Pearce & Co. v

*Poppenberg, Inc.,* 213 App Div 789, 790). Each item must therefore be identified adequately to enable the defendant to ascertain whether it was, in fact, provided as claimed *(see, Brozyna v Andreski,* 6 AD2d 601, 602), and whether the price charged was reasonable or as agreed upon.

The complaint herein does not measure up to this standard. While it contains a broad general description of the work allegedly performed for defendant over the year—preparation of tax returns and representation before the Internal Revenue Service—no specific description of the services rendered is provided. Plaintiff's schedule of services assertedly furnished consists of a list of dates, with a notation beside each simply enumerating the hourly rate and number of hours worked that day by a given employee; this is not sufficiently descriptive to allow defendant to respond in a meaningful way on an item-by-item basis.

Given that the complaint does not meet the requirements of CPLR 3016 (f), the general denials in defendant's verified answer—focusing on the reasonableness of the price and quality of the services provided—coupled with defendant's answering affidavit confirming those denials, more than adequately raise factual questions precluding summary judgment *(see, United Tire & Rubber Co. v Contractor Tires Sales,* 124 AD2d 280, 281, *lv dismissed* 69 NY2d 822, *appeal dismissed* 69 NY2d 823).

Mikoll, J. P., Crew III and Mahoney, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as partially granted plaintiff's motion; said motion denied; and, as so modified, affirmed.