■ Arcadian Painting and Decorating Corporation, Respondent, v Helmer Cronin Construction, Inc., Appellant. [646 NYS2d 404] —Yesawich Jr., J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Weiner, J.), entered June 7, 1995 in Rockland County, which, *inter alia*, granted plaintiff's motion for summary judgment.

Plaintiff, a subcontractor, seeks payment for painting and related services performed for defendant, a contractor, on several real estate projects. In its verified answer, defendant registered specific denials with respect to plaintiff's alleged performance or delivery, as well as the reasonable value and agreed price, of the materials and services set forth in some of the invoices listed in the complaint. In addition, defendant interposed two counterclaims, to which plaintiff replied. Plaintiff's ensuing motion for summary judgment on the complaint, and to sever the counterclaims, was granted, prompting this appeal.

While the fact that plaintiff did not verify its complaint

precludes it from realizing the special pleading benefit conferred by CPLR 3016 (f)—compliance with which effectively bars certain defenses if they are not raised in the proper manner (*see, Brozyna v Andreski*, 6 AD2d 601, 603)—plaintiff's failure to satisfy the requirements of that rule merely results in the application of ordinary pleading and proof principles (*cf., B & C Smith v Lake Placid 1980 Olympic Games*, 84 AD2d 544). Those principles ordain that once plaintiff made a prima facie showing of its right to recover the amounts sought in the complaint, it was incumbent upon defendant to tender admissible evidence demonstrating the existence of a triable question of fact (*see, e.g., Indig v Finkelstein*, 23 NY2d 728, 729).

Although specific factual allegations contained in a verified pleading can satisfy this requirement (*see, Hladczuk v Epstein*, 98 AD2d 990), the denials made in defendant's verified answer are so broad and conclusory as to have no evidentiary value (*see, Kruger Pulp & Paper Sales v Intact Containers*, 100 AD2d 894, 895). Moreover, neither the hearsay description by defendant's comptroller of the project manager's purported reason for withholding payment of some of the disputed invoices, nor the unsigned, undated "transmittal" submitted in connection therewith, constitutes evidence in admissible form that could furnish the basis for a denial of plaintiff's motion (*see, Eddy v Tops Friendly Mkts.*, 91 AD2d 1203, *affd* 59 NY2d 692; *Kwong On Bank v Monrose Knitwear Corp.*, 74 AD2d 768). In any event, even if they were considered, these statements, too, are wholly conclusory.

Lastly, defendant's cryptic assertion that discovery has not been completed does not constitute an excuse for its failure to rebut plaintiff's prima facie case (*see, Plotkin v Franklin*, 179 AD2d 746). It is also worth noting in this regard that there is no suggestion that discovery was thwarted and, further, that more than a year has elapsed since issue was joined and this motion was made (*compare, B & C Smith v Lake Placid 1980 Olympic Games, supra*, at 544-545). Accordingly, summary judgment was properly granted (*see, Albany Miron Lbr. Corp. v Barr*, 115 AD2d 213, 214).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.