■ NETGUISTICS, INC., Respondent, v COLDWELL BANKER PRIME PROPERTIES, INC., Also Known as C.B. PRIME PROPERTIES, INC., et al., Appellants. (And a Third-Party Action.) [803 NYS2d 737]—

Carpinello, J. Appeals (1) from an order of the Supreme Court (Malone, Jr., J.), entered June 29, 2004 in Albany County, which, inter alia, granted plaintiff's motion for partial summary judgment, and (2) from the judgment entered thereon.

The parties to this litigation had a long standing business relationship. Most recently, plaintiff sold defendants computer hardware and software services in 2002 and 2003 as part of a comprehensive information technology upgrade and networking of the 22 separate offices from which defendants conducted a real estate brokerage business. At the time the relationship ended in late 2003, plaintiff claimed that it had outstanding unpaid invoices for some of these goods and services in excess of $200,000. By its complaint in this action, it sought to recover the amounts allegedly due and owing. Attached to the complaint were copies of 27 unpaid invoices. Each of the invoices separately listed and identified the hardware sold and/or the personal services provided and the amount charged for each piece of equipment or service. The complaint also repeatedly invoked CPLR 3016 (f) which, in an action of this type, requires a defendant to specify in its answer "those items [it] disputes and whether in

respect of delivery or performance, reasonable value or agreed price."

Simply stated, defendants' answer failed to comply with the requirements of the statute. Although containing general denials and a number of purported defenses and counterclaims, it did not specify which of the numerous entries on the 27 separately identified invoices they disputed other than to object to all of them collectively. More significantly, after plaintiff sought partial summary judgment, defendants still failed to identify which of the entries on the invoices they were disputing other than to allege in a general fashion that the invoices were not provided on a timely basis and were not sufficiently detailed. Notably, the affidavit of defendants' principal submitted in opposition to the motion did not even state that he objected to paying the invoices. At best, we are left to infer a refusal to pay from his assertion that he continued to ask plaintiff's principal for more detailed invoices. Finding this response to the motion insufficient, Supreme Court granted plaintiff partial summary judgment. Defendants appeal, and we now affirm.

The invoices at issue were certainly "sufficiently descriptive to allow defendant[s] to respond in a meaningful way on an item-by-item basis" (*Teal, Becker & Chiaramonte, CPAs v Sutton*, 197 AD2d 768, 769 [1993]; *see United Tire & Rubber Co. v Contractor Tire Sales*, 124 AD2d 280, 281 [1986], *lv dismissed* 69 NY2d 822 [1987], *appeal dismissed* 69 NY2d 823 [1987]). Having wholly failed to do so, Supreme Court properly granted plaintiff partial summary judgment on its CPLR 3016 (f) causes of action. Defendants' remaining contentions have been considered and are similarly rejected.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the order and judgment are affirmed, with costs.