COLDWELL BANKER PRIME PROPERTIES, INC., Respondent, v NETGUISTICS, INC., et al., Appellants. [826 NYS2d 486]—

Carpinello, J. Appeal from an order of the Supreme Court (Lynch, J.), entered March 6, 2006 in Rensselaer County, which denied a motion by defendant Netguistics, Inc. to dismiss the complaint.

In a prior action, defendant Netguistics, Inc. sued plaintiff to recover payment for computer goods and networking services. Netguistics was granted partial summary judgment on the

unpaid invoices in that action, a finding which this Court affirmed (*Netguistics, Inc. v Coldwell Banker Prime Props., Inc.*, 23 AD3d 719 [2005]). In granting partial summary judgment, however, Supreme Court noted that it was not granting summary judgment dismissing certain counterclaims asserted by plaintiff because such relief was "moot." This ruling is the predicate for the instant action in which plaintiff sued Netguistics and its principal, defendant Kevin Spier, on these same counterclaims. Presently on appeal is an order of Supreme Court which denied Netguistics' motion to dismiss the complaint on res judicata grounds. An affirmance is compelled.

In the first action, plaintiff responded to Netguistics' complaint by serving a single document titled as both a "VERIFIED ANSWER & COUNTER CLAIM" and a "3RD PARTY COMPLAINT." The third-party complaint was against Netguistics and Spier and included the subject counterclaims against Netguistics. The attorney for Netguistics, appearing on behalf of the third-party defendants, sought dismissal of the third-party complaint because Spier had not been personally served. In granting this motion, Supreme Court held that it lacked personal jurisdiction over the third-party "defendants" (as opposed to just Spier himself) and thus dismissed that complaint in its entirety. Netguistics' motion for summary judgment dismissing the counterclaims was denied as "moot." Netguistics thereafter sought no relief from Supreme Court concerning the basis for this dismissal.

The procedural conundrum before us is manifest. Netguistics clearly invoked Supreme Court's jurisdiction by filing the first action and thus voluntarily subjected itself to the court's jurisdiction with respect to plaintiff's counterclaims. Consequently, no service of process was required to be made on it with respect to those claims (*see* Siegel, NY Prac § 224, at 371 [4th ed]). The only true third-party defendant in that action was Spier. While Supreme Court properly dismissed the third-party complaint against Spier on personal jurisdiction grounds, it should not have dismissed it against Netguistics since jurisdiction as to Netguistics was extant. Even though the matter of the subject counterclaims was not moot as to Netguistics, Supreme Court quite clearly disposed of them on that ground, and not on the merits. This being the case, the principle of res judicata cannot apply to bar the instant action (*compare Kinsman v Turetsky*, 21 AD3d 1246, 1247 [2005], *lv denied* 6 NY3d 702 [2005]).

Netguistics' remaining issue has been considered and rejected as without merit.

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, with costs.