█ Summit Security Services, Inc., Appellant, v Main Street Lofts Yonkers, LLC, Respondent. [901 NYS2d 655]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (LaMarca, J.), dated March 23, 2009, as denied its motion for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action by filing a verified complaint pursuant to CPLR 3016 (f) alleging, inter alia, that the defendant breached a contract to pay for security services the plaintiff rendered to the defendant. As relevant here, that statute permits a plaintiff in an action involving the "performing of labor or services," to "set forth and number in his [or her] verified complaint the items of his [or her] claim and the reasonable value or agreed price of each" (CPLR 3016 [f]). If the plaintiff does so, then the defendant may not generally deny allegations of the complaint, but must, instead, specifically dispute the items on the plaintiff's list (*see Netguistics, Inc. v Coldwell Banker Prime Props., Inc.*, 23 AD3d 719, 719-720 [2005]; *Millington v Tesar*, 89 AD2d 1037 [1982]; *Duban v Platt*, 23 AD2d 660 [1965], *affd* 17 NY2d 526 [1966]).

In this case, the plaintiff annexed 11 invoices to its complaint, totaling the sum of $31,710.26, purportedly reflecting the charges for the services rendered, which allegedly were not paid. The defendant generally denied the complaint's allegations, and asserted various affirmative defenses, none of which specifically addressed the invoices. The plaintiff then moved for summary judgment on the complaint, contending that the defendant failed to comply with CPLR 3016 (f). The Supreme Court denied the motion. We affirm.

"To meet the requirements of CPLR 3016 (f), a complaint must contain a listing of the goods or services provided, with enough detail that it 'may readily be examined and its correctness tested entry by entry' " (*Teal, Becker & Chiaramonte, CPAs v Sutton*, 197 AD2d 768, 768 [1993], quoting *Innis, Pearce & Co. v Poppenberg, Inc.*, 213 App Div 789, 790 [1925]). The complaint in this case did not meet that standard (*see Teal, Becker & Chiaramonte, CPAs v Sutton*, 197 AD2d at 768-769). Therefore, the general denials contained in the defendant's verified answer were sufficient, and the plaintiff's motion for summary judgment on the complaint was properly denied (*see United Tire & Rubber Co. v Contractor Tire Sales*, 124 AD2d 280, 281-282 [1986]). Miller, J.P., Leventhal, Chambers and Lott, JJ., concur.