OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
Plaintiff brought this action seeking to recover the principal sum of $14,997 for charges plaintiff allegedly accrued at defendant’s request researching liens, liabilities and other matters affecting title to real property. The complaint was entitled “Verified Complaint Under CPLR 3016 (f),” although plaintiffs verification was not initially filed with the District Court. An unnumbered list of 14 allegedly unpaid, overdue invoices, together with photocopies of the invoices, was annexed to the complaint, as were “statements of searches” relating to each invoice. The statements varied in length from one to three pages, and, in most instances, included numerous searches on multiple properties. On the nine chronologically earliest statements, the properties were identified by street address, but the kinds of searches plaintiff allegedly performed were identified by initials, without explanation of what the initials meant; on the subsequent five statements, the properties for which searches had been performed were identified only by a title number and not by an address, although on those statements there appeared basic descriptions of the kinds of searches for which plaintiff sought payment.
Defendant generally denied the allegations of the complaint, and interposed a counterclaim. Following the joinder of issue, plaintiff moved for summary judgment, asserting that, by its service of a verified complaint under CPLR 3016 (f), it made out a prima facie case, and that it was entitled to summary judgment because of defendant’s failure to answer the complaint with sufficient particularity.
As relevant here, CPLR 3016 (f) permits a plaintiff in an action involving the performance of labor or services to “set forth and number in his verified complaint the items of his claim and the reasonable value or agreed price of each.” Where the *36 complaint complies with these requirements, a defendant is statutorily compelled “by his verified answer [to] indicate specifically those items he disputes and whether in respect of delivery or performance, reasonable value or agreed price” (CPLR 3016 [f]; see e.g. Summit Sec. Servs., Inc. v Main St. Lofts Yonkers, LLC, 73 AD3d 906 [2010]; Netguistics, Inc. v Coldwell Banker Prime Props., Inc., 23 AD3d 719 [2005]).
“To meet the requirements of CPLR 3016 (f), a complaint must contain a listing of the goods or services provided, with enough detail that it ‘may readily be examined and its correctness tested entry by entry’ (Innis, Pearce & Co. v Poppenberg, Inc., 213 App Div 789, 790). Each item must therefore be identified adequately to enable the defendant to ascertain whether it was, in fact, provided as claimed (see, Brozyra v Andreski, 6 AD2d 601, 602), and whether the price charged was reasonable or as agreed upon” (Teal, Becker & Chiaramonte, CPAs v Sutton, 197 AD2d 768, 768-769 [1993]; see also Summit Sec. Servs., Inc. v Main St. Lofts Yonkers, LLC, 73 AD3d 906 [2010]).
The complaint in this case did not satisfy CPLR 3016 (f). On some of the invoices included in the complaint there was insufficient detail to determine what services had purportedly been provided, while other invoices failed to state the addresses for which the searches were allegedly done. Moreover, most of the invoices were for the alleged provision of multiple services; thus, the complaint failed to number the items of plaintiffs claim as required under CPLR 3016 (f) in order to allow defendant to respond on an item-by-item basis (see Aluminum Bldg. Prods. Corp. v Katz Corp., 30 AD2d 571 [1968]). Because the complaint did not satisfy CPLR 3016 (f), the requirement of specific denials was not triggered. Accordingly, the general denials contained in defendant’s verified answer were sufficient, and plaintiffs motion for summary judgment was properly denied.
Tanenbaum, J.P, Molía and Iannacci, JJ., concur.