OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
The verified complaint in this action alleged that, at the request of defendant’s managing agent, plaintiff agreed to sell fuel to defendant and to deliver the fuel to premises owned by defendant, and thereafter opened an account for the delivery of fuel to the premises. The complaint specifically invoked CPLR 3016 (f). Exhibit A, annexed to the complaint, purported to itemize “all deliveries, services, late charges and payments.” Exhibit B annexed to the complaint, which was described in the complaint as consisting of copies of monthly statements of account from plaintiff to defendant, actually was comprised of eight invoices, as well as two fuel delivery tickets. Defendant’s verified answer consisted of a general denial with affirmative defenses, including assertions that the materials sold by plaintiff were nonconforming in quality and quantity, but did not specifically address any of the enumerated items contained in exhibit A to the complaint.
Plaintiff moved for summary judgment pursuant to CPLR 3212 and 3016 (f), arguing that defendant’s answer, which failed to respond specifically to the numbered items of plaintiffs exhibit A, had been insufficient to raise an issue of fact. In opposition, defendant contended, among other things, that the complaint lacked the requisite specificity to invoke CPLR 3016 (f), and that its answer had raised material issues of fact as to the quantity, quality and reasonable price of the fuel allegedly delivered to defendant by plaintiff, as well as the reasonable value of repairs that plaintiff allegedly performed for defendant. The Civil Court denied plaintiffs motion. *42 CPLR 3016 (f) permits a plaintiff in an action involving the “sale and delivery of goods, or the performing of labor or services, or the furnishing of materials,” to “set forth and number in his verified complaint the items of his claim and the reasonable value or agreed price of each.” A list itemizing the claim which is attached to the pleading can satisfy the requirements of the statute (see Cibro Petroleum Prods. v East Schodack Fuel & Contr. Corp., 135 AD2d 947 [1987]; see also CPLR 3014). Where the elements of CPLR 3016 (f) are properly pleaded, the defendant is required in his verified answer to specifically dispute the items on the plaintiffs list (see Summit Sec. Servs., Inc. v Main St. Lofts Yonkers, LLC, 73 AD3d 906 [2010]; Netguistics, Inc. v Coldwell Banker Prime Props., Inc., 23 AD3d 719 [2005]). Failure to make such specific denials constitutes an admission of the schedule’s items (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3016:9) and may constitute a sufficient basis for granting summary judgment to the plaintiff (see Netguistics, Inc., 23 AD3d 719).
Here, the complaint alleged only an agreement between plaintiff and defendant’s managing agent to “sell and deliver fuel.” The itemized statement annexed to the complaint, however, included not only “the items of [plaintiffs] claim and the reasonable value or agreed price of each,” but also, apparently, all the items ever allegedly sold or services provided by plaintiff to defendant, and all of defendant’s payments to plaintiff. Whereas the sale and delivery of fuel was the only basis specified for relief in the verified complaint, the itemized statement included distinctly different charges: for example, “lube oil,” “service call,” “plug tube(s),” “welding repair,” “boiler tube(s),” “motor,” and “compressor.” There was no description of the “service” rendered or of the welding repair performed, no indication of the kind or number of plug tubes or boiler tubes provided, and no indication of whether the charges indicated for plug tubes, boiler tubes, motor, and compressor were for purchase alone or for purchase and installation.
As the itemized schedule of plaintiffs claim did not fully conform to the statutory mandate, defendant’s duty to specify in its answer which of the items of plaintiffs claim it disputed and the nature of its dispute was not triggered (see CPLR 3016 [f]; Slavenburg Corp. v Rudes, 86 AD2d 517 [1982]). Accordingly, defendant’s failure to comply with the dictates of CPLR 3016 (f) did not compel an award of summary judgment to plaintiff, and, thus, the order of the Civil Court is affirmed.