# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

205
CA 13-01681
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

WATERFRONT OPERATIONS ASSOCIATES, LLC, AS
RECEIVER FOR WATERFRONT HEALTH CARE CENTER,
PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

BETH A. CANDINO, D.D.S., DEFENDANT-RESPONDENT.

---

MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (SHARON STERN GERSTMAN OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

STAMM LAW FIRM, WILLIAMSVILLE (GREGORY STAMM OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Donna M.
Siwek, J.), entered July 3, 2013.  The order, among other things,
denied plaintiff's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff operates a skilled nursing facility in
Buffalo, where defendant's late husband (decedent) resided for the
last 15 months of his life.  Prior to decedent's admission to the
facility, defendant signed a Long Term Care Agreement (Agreement) that
obligated her to pay for all care and services provided to decedent at
the facility.  Following decedent's death, plaintiff commenced this
action seeking $125,265.54 in unpaid invoices.  Attached to the
complaint served upon defendant was a copy of the Agreement, which
specifies the daily rates at the facility and the cost of various
other services, along with an invoice stating the balance due.  In her
verified answer, defendant admitted that she executed the Agreement
but asserted as an affirmative defense that plaintiff failed to
provide all of the agreed upon services.  Defendant also asserted
counterclaims for medical malpractice and wrongful death.  Defendant
later served a bill of particulars alleging in detail the failures of
plaintiff to provide adequate care for decedent.  Approximately one
year later, and before any depositions were conducted, plaintiff moved
for summary judgment under CPLR 3016 (f), contending that the answer
failed to comply with the statute because it was not sufficiently
specific with respect to its denials of allegations set forth in the
complaint.  Supreme Court properly denied the motion.

CPLR 3016 (f) provides that, in an action involving the

"performing of labor or services," the plaintiff "may set forth and number in his verified complaint the items of his claim and the reasonable value or agreed price of each."  If the plaintiff does so, "the defendant by his verified answer shall indicate specifically those items he disputes and whether in respect of delivery or performance, reasonable value or agreed price."  "To meet the requirements of CPLR 3016 (f), a complaint must contain a listing of the goods or services provided, with enough detail that it may readily be examined and its correctness tested entry by entry" (*Summit Sec. Servs., Inc. v Main St. Lofts Yonkers, LLC*, 73 AD3d 906, 907 [internal quotation marks omitted]).  If the complaint lacks sufficient specificity, the defendant may serve a general denial answer (*see Anderson & Anderson, LLP-Guangzhou v Incredible Invs. Ltd.*, 107 AD3d 1520, 1522).

Here, we conclude that the complaint failed to meet the specificity standards of CPLR 3016 (f) and thus "did not trigger a duty on defendant[']s part to dispute each item specifically" (*Epstein, Levinsohn, Bodine, Hurwitz & Weinstein, LLP v Shakedown Records, Ltd.*, 8 AD3d 34, 35; *see Anderson & Anderson, LLP-Guangzhou*, 107 AD3d at 1522; *B & C Smith, Inc. v Lake Placid 1980 Olympic Games*, 84 AD2d 544, 544).  Although the Agreement and a single-page invoice were attached to the complaint, those documents were not drafted in a manner such that defendant could "respond in a meaningful way on an item-by-item basis" (*Teal, Becker & Chiaramonte, CPAs v Sutton*, 197 AD2d 768, 769; *see Green v Harris Beach & Wilcox*, 202 AD2d 993, 993-994).  In any event, defendant, in her answer and bill of particulars, which was demanded by plaintiff, explained in detail how and why the care and services provided to decedent by plaintiff were deficient.  We thus conclude that the court properly denied plaintiff's motion for summary judgment pursuant to CPLR 3016 (b).

Entered:  March 28, 2014                          Frances E. Cafarell
                                                   Clerk of the Court