# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1051**
**CA 14-02062**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, AND DEJOSEPH, JJ.

---

ERIE MATERIALS, INC., PLAINTIFF-RESPONDENT,

                      V                                 MEMORANDUM AND ORDER

CENTRAL CITY ROOFING CO., INC.,
DEFENDANT-APPELLANT,
AND JAMES T. PIPINES, DEFENDANT.

---

THE WARD FIRM, PLLC, LIVERPOOL (LINDA M. CAMPBELL OF COUNSEL), FOR
DEFENDANT-APPELLANT.

BYRNE, COSTELLO & PICKARD, P.C., SYRACUSE (JORDAN R. PAVLUS OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Hugh
A. Gilbert, J.), entered August 12, 2014. The order, among other
things, awarded plaintiff partial summary judgment on the first cause
of action in its complaint and dismissed the counterclaims.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed with costs.

Memorandum: Central City Roofing Co., Inc. (defendant) appeals
from those parts of an order granting plaintiff's motion for partial
summary judgment insofar as plaintiff sought a money judgment on its
first cause of action for goods sold and delivered, and dismissal of
defendant's counterclaims. Contrary to defendant's contention,
plaintiff's complaint, with its attached invoices, satisfied the
pleading requirements of CPLR 3016 (f) (*see Offset Paperback Mfrs. v
Banner Press*, 47 AD2d 733, 733, *affd* 39 NY2d 770; *Duban v Platt*, 23
AD2d 660, 660, *affd* 17 NY2d 526, *rearg denied* 17 NY2d 612;
*Netguistics, Inc. v Coldwell Banker Prime Props., Inc.*, 23 AD3d 719,
719-720). The invoices provided the requisite degree of specificity
inasmuch as they permitted defendant " 'to respond in a meaningful way
on an item-by-item basis' " (*Green v Harris Beach & Wilcox*, 202 AD2d
993, 993). Each invoice set forth the date of the order, the specific
items ordered and delivered, the quantity ordered and delivered, as
well as the price per unit and the total price for the quantity
ordered (*see Offset Paperback Mfrs.*, 47 AD2d at 733; *Netguistics,
Inc.*, 23 AD3d at 719-720; *O'Callaghan v Republic W. Ins. Co.*, 269 AD2d
114, 114, *lv denied* 95 NY2d 758; *cf. Waterfront Operations Assoc., LLC
v Candino*, 115 AD3d 1313, 1314; *Epstein, Levinsohn, Bodine, Hurwitz &
Weinstein, LLP v Shakedown Records, Ltd.*, 8 AD3d 34, 35). Defendant
was thus required to indicate specifically in its verified answer

"those items [it] dispute[d] and whether in respect of delivery or performance, reasonable value or agreed price" (CPLR 3016 [f]). Defendant failed to do so and, therefore, Supreme Court properly granted that part of plaintiff's motion on the cause of action for goods sold and delivered (*see Netguistics, Inc.*, 23 AD3d at 720; *see also Duban*, 23 AD2d at 660; *Cibro Petroleum Prods. v Onondaga Oil Co.*, 144 AD2d 152, 153).

Defendant's contention that the court should have ordered defendant to amend the answer under the authority of CPLR 2001 is not properly before us inasmuch as it "is . . . raised for the first time on appeal" (*Paporters v Campos*, 122 AD3d 521, 522; *see Brandenburg v St. Michael's Cemetery*, 92 AD3d 631, 633; *Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Defendant further contends that the court erred in granting that part of plaintiff's motion seeking to dismiss the counterclaims as barred by the four-year statute of limitations set forth in UCC 2-725 (1). Even assuming, arguendo, that defendant is correct that the statute of limitations does not bar its counterclaims, we would nevertheless affirm the order inasmuch as the court also dismissed the counterclaims as barred by the statute of frauds set forth in UCC 2-201 (1). By failing to address that basis for the dismissal of the counterclaims in its brief on appeal, defendant has abandoned any challenge with respect thereto (*see Sto Corp. v Henrietta Bldg. Supplies*, 202 AD2d 969, 970; *Ciesinski*, 202 AD2d at 984). Inasmuch as any resolution of the statute of limitations issue would have no effect on the outcome of this appeal, we decline to address that issue as academic (*see generally Matter of Hoston v New York State Dept. of Health*, 203 AD2d 826, 827, *lv denied* 84 NY2d 803).

Entered: October 2, 2015                           Frances E. Cafarell
                                                   Clerk of the Court