SSG Door & Hardware, Inc. v APS Contr., Inc. (2018 NY Slip Op 07481)





SSG Door & Hardware, Inc. v APS Contr., Inc.


2018 NY Slip Op 07481


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-03132
2017-03136
 (Index No. 513799/16)

[*1]SSG Door & Hardware, Inc., respondent, 
v
APS Contracting, Inc., appellant.


Daniel C. Carmalt, New York, NY, for appellant.
Amos Weinberg, Great Neck, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated February 23, 2017, and (2) a judgment of the same court dated March 21, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action pursuant to CPLR 3016(f). The judgment, upon the order, is in favor of the plaintiff and against the defendant in the total sum of $14,746.93.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, that branch of the plaintiff's motion which was for summary judgment on the first cause of action pursuant to CPLR 3016(f) is denied, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In November 2013, the parties entered into a contract whereby the defendant purchased door frames and hardware from the plaintiff in connection with a public works project for the New Jersey Turnpike Authority (hereinafter the NJTA). In this action, inter alia, to recover damages for breach of contract, the plaintiff asserted in the first cause of action pursuant to CPLR 3016(f) that the defendant failed to pay three specified invoices in full. In its answer, the defendant asserted a counterclaim to recover damages for breach of contract, alleging a delay in performance. The plaintiff moved for summary judgment on the first cause of action pursuant to CPLR 3016(f) and for summary judgment dismissing the counterclaim. In opposition, the defendant submitted an affidavit of its project manager, who stated that the plaintiff delivered the hardware two months late, and the affidavit of its president, who stated that the delay caused the imposition of liquidated damages upon it by the NJTA. In an order dated February 23, 2017, the Supreme Court granted that [*2]branch of the plaintiff's motion which was for summary judgment on the first cause of action and directed that the defendant's counterclaim would proceed to trial. A judgment was thereafter entered upon the order, awarding the plaintiff the total sum of $14,746.93. The defendant appeals.
In an action involving, inter alia, goods sold and delivered, CPLR 3016(f) permits a plaintiff to "set forth and number in his [or her] verified complaint the items of his [or her] claim and the reasonable value or agreed price of each." "To meet the requirements of CPLR 3016(f), a complaint must contain a listing of the goods or services provided, with enough detail that it may readily be examined and its correctness tested entry by entry'" (Teal, Becker & Chiaramonte, CPAs v Sutton, 197 AD2d 768, 768-769, quoting Innis, Pearce & Co. v Poppenberg, Inc., 213 App Div 789, 790; see Raytone Plumbing Specialities, Inc. v Sano Constr. Corp., 92 AD3d 855, 856). If the complaint meets these requirements, the defendant may not generally deny allegations of the complaint, but must, instead, specifically dispute the items on the plaintiff's list (see Summit Sec. Servs., Inc. v Main St. Lofts Yonkers, LLC, 73 AD3d 906).
Here, the complaint failed to comply with CPLR 3016(f). The three invoices failed to state the price of each individual invoice item, or the date when each item was delivered. Although it was acknowledged that partial payment was made, the plaintiff did not specify what the partial payment was for. The plaintiff also alleged that the defendant made a partial payment toward one invoice without specifying to which of the invoiced items the defendant's payment was applied (see Anderson & Anderson, LLP-Guangzhou v Incredible Invs. Ltd., 107 AD3d 1520; Summit Sec. Servs., Inc. v Main St. Lofts Yonkers, LLC, 73 AD3d 906; Epstein, Levinsohn, Bodine, Hurwitz & Weinstein, LLP v Shakedown Records, Ltd., 8 AD3d 34; Innis Pearce & Co. v Poppenberg, Inc., 213 App Div 789).
In any event, even assuming CPLR 3016(f) was complied with, a general denial is sufficient where a defense to the cause of action pursuant to CPLR 3016(f) speaks to the "entirety of the parties' dealings" (Anderson & Anderson, LLP-Guangzhou v Incredible Invs. Ltd., 107 AD3d at 1522 [internal quotation marks omitted]; see Harbor Seafood v Quality Fish Co., 194 AD2d 713). In this case, the defense—that the plaintiff breached the contract by untimely delivering the items in the contract—goes to the entirety of the parties' dealings. Further, damages awarded on the counterclaim may offset liability for goods sold and delivered if the circumstances warrant it (see Created Gemstones v Union Carbide Corp., 47 NY2d 250, 255; Panda Capital Corp. v Kopo Intl., 242 AD2d 690, 692).
Accordingly, the plaintiff failed to establish its prima facie entitlement to judgment of a matter of law on the first cause of action. Therefore, that branch of the plaintiff's motion which was for summary judgment on the first cause of action should have been denied without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., ROMAN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court