■ CIBRO PETROLEUM PRODUCTS, INC., Appellant, v EAST SCHODACK FUEL & CONTRACTING CORPORATION, Doing Business as BERKSHIRE FUEL, et al., Respondents.—Mikoll, J. Appeal from an order of the Supreme Court (Doran, J.), entered April 16, 1987 in Albany County, which denied plaintiff's motion for summary judgment.

Plaintiff entered into an oral agreement in the spring of

1985 with defendant East Schodack Fuel & Contracting Corporation (hereinafter defendant), doing business as Berkshire Fuel, to provide delivery service to certain of plaintiff's accounts. Defendant Arden E. Hamilton, a principal of defendant, also personally guaranteed all obligations which defendant might incur toward plaintiff. Plaintiff supplied defendant with various fuel products from December 31, 1985 through March 12, 1986.

Plaintiff commenced an action against defendant and Hamilton on July 7, 1986. The verified complaint set forth four causes of action: (1) for breach of contract claiming that defendant owed it $615,418.55 plus interest through May 31, 1986; (2) for defendant's failure to pay for fuel, services and materials supplied by plaintiff in the amount of $615,418.55 plus interest through May 31, 1986; (3) for money owed based on Hamilton's written guarantee; and (4) for money owed based on Hamilton's promise in the written guarantee to pay plaintiff's collection costs, including court costs. Attached to the complaint as "schedule A" was a list detailing invoice numbers, fees charged, invoice dates and product descriptions such as "reg lead free gasoline", "kerosene", "2 fuel oil" and "prem lead free gasoline" for goods sold and delivered.

In a verified answer defendants made a general denial, except for admitting that plaintiff supplied defendant with fuel and that Hamilton executed a guarantee. Additionally, defendants alleged as affirmative defenses that, pursuant to a business agreement, they delivered products for plaintiff to third parties for which plaintiff is now attempting to charge defendants, and that plaintiff agreed to modify defendants' charges to compensate them for such delivery services. Defendants maintain that these deliveries amount to 80% of the charges imposed on them by plaintiff and that defendants have in fact overpaid plaintiff through these services. The affirmative defenses, however, were not addressed to any specific items in schedule A. A verified bill of particulars served by plaintiff contained exhibit B, which itemized each credit given to defendant between January 21, 1986 and February 14, 1986, and exhibit C, which listed each charge to defendants by plaintiff in the same period.

In denying plaintiff's motion for summary judgment, Supreme Court noted plaintiff's failure to comply with CPLR 3016 (f). Supreme Court held that schedule A appeared to be a summary of many individual sales and was insufficient to constitute a proper schedule of goods and services. The court also noted that in contrasting the items in exhibit B in the bill

of particulars with schedule A in the complaint, 26 invoices totaling $179,433.54 are not itemized, and the court found that the itemization in the bill of particulars narrowed the issues between the parties as well as raising substantial triable issues of fact. This appeal by plaintiff ensued.

We find that plaintiff's complaint complied with CPLR 3016 (f) and denial of its motion for summary judgment on that ground was improper. However, plaintiff's motion for summary judgment was properly denied since a triable issue of fact is presented.

There appears to be an issue of fact as to whether defendant owes plaintiff money or plaintiff owes defendant money, and how much is owed. Both sides disagree concerning a discrepancy of $179,433.54 between plaintiff's schedule A and exhibit C. Plaintiff claims that this is due to a difference between billing and delivery dates. Defendants then inquire why rates charged should vary so much depending on which date applies. Where, as here, there is "any doubt, at least any significant doubt, whether there is a material, triable issue of fact", summary judgment should be denied *(Phillips v Kantor & Co.,* 31 NY2d 307, 311).

Since defendants have not admitted owing plaintiff any amount of money, a triable issue of fact exists concerning the parties delivery arrangements to plaintiff's other clients. Under such circumstances, the affirmative defenses in their answer did not require evidentiary backing.

Additionally, there remains the question of how much of defendant's alleged debt to plaintiff may have been incurred in the service of plaintiff under the alleged business agreement described by defendants. This issue bears on all amounts due. The parties are entitled to litigate these questions of fact and a rigorous application of the CPLR 3016 (f) requirements should not be used to deny defendants that opportunity *(see, Metro Envelope Corp. v Westvaco,* 72 AD2d 695, 696).

Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.