Golia, J.,
dissenting and voting to reverse the order and grant plaintiffs motion for summary judgment, in the following memorandum:
I agree with the majority in its legal analysis that a plaintiff can fully satisfy the requirements of CPLR 3016 (f) if the plaintiff “set[s] forth and number[s] in his verified complaint the items of his claim and the reasonable value or agreed price of each” by attaching an itemized list, and that a defendant’s “[fjailure to make . . . specific denials constitutes an admission of the schedule’s items.” I also agree with the majority’s factual determination that this defendant “fail[ed] to comply with the dictates of CPLR 3016 (f).”
My dissent, however, turns on the finding by the majority that “the itemized schedule of plaintiffs claim did not fully conform to the statutory mandate” in that there was insufficient specificity. It is this conclusion with which I disagree.
The itemized schedule that was annexed to the complaint provided the date the goods and/or services were provided; the numbers of the invoices that were generated and sent to defendant; an indication of the particular goods or services provided, such as “Fuel Delivery” or “Welding Repair”; the prices for the items or services as well as the sales tax charged; and the total amount billed for each invoice. This schedule also included a list of payments that were made by defendant, the dates of the payments, the amounts of the payments and the invoice numbers for which the payments were made.
In this regard, it is interesting to note that the payments made by defendant were in the exact amount, to the penny, of the prices set forth in particular invoices. This applies to invoices regarding services performed as well as fuel deliveries made. It is therefore very clear that defendant was well aware of what the charges were for and accepted the validity of such charges. Defendant was not simply making payments “on account.”
Indeed, a careful review of the case of Cibro Petroleum Prods. v East Schodack Fuel & Contr. Corp. (135 AD2d 947 [1987]), which was cited by the majority, shows that the Appellate Division specifically overruled the trial court’s determination that the schedule annexed to the complaint was insufficient to constitute a proper schedule of goods and services. Instead, the Appellate Division stated, “We find that plaintiff’s complaint complied with CPLR 3016 (f) and denial of its motion for summary judgment on that ground was improper” (Cibro Petroleum *44 Prods. at 949). The itemized schedule submitted in this case is even more detailed and specific than that approved by the Appellate Division in Cibro Petroleum Prods.
Accordingly, I dissent and vote to reverse the order of the Civil Court and grant summary judgment to plaintiff.
Pesce, EJ., and Steinhardt, J., concur; Colla, J., dissents in a separate memorandum.