M.S. Berkoff Company, Inc., Berkoff Fox Supply Source Div., Appellant,
against
Scott McGuire, Doing Business as GREAT EASTERN CONTRACTING, Respondent.



Consolidated appeals from orders of the Civil Court of the City of New York, Kings County, entered January 21, 2015 (Reginald A. Boddie, J.) and March 11, 2015 (Pamela L. Fisher, J.), respectively. The order entered January 21, 2015 granted defendant's motion for summary judgment on his counterclaim for "conversion." The order entered April 3, 2015 denied plaintiff's motion for summary judgment on its causes of action.




ORDERED that the orders are affirmed, without costs.
In this action to recover the principal sum of $2,535.94 based on an account stated and breach of contract, plaintiff obtained a default judgment against defendant and successfully executed thereon in the amount of $3,213.31. Thereafter, defendant moved to vacate the default judgment, which motion was granted. Defendant then interposed a counterclaim for "conversion" based upon plaintiff's refusal to return the $3,213.31. By order entered January 21, 2015, the Civil Court (Reginald A. Boddie, J.) granted defendant's motion for summary judgment on his "conversion" counterclaim. By order entered March 11, 2015, the Civil Court (Pamela L. Fisher, J.) denied plaintiff's motion for summary judgment on its causes of action.
Although defendant's counterclaim was denominated as one seeking to recover for "conversion," it, in effect, sought restitution (see generally Diemer v Diemer, 8 NY2d 206 [1960]). When money is collected upon an erroneous judgment which, subsequent to the payment, is reversed, the legal conclusion is that the money belongs to the person from whom it was collected and an action for restitution will lie (see Haebler v Myers, 132 NY 363 [1892]; Laronga v Laronga, 184 Misc 62 [Queens City Ct 1945]; cf. CPLR 5015 [d] [in the alternative, the court could have awarded restitution upon vacating the judgment]). The object of the remedy of a restitution action is to restore to a party that "which he had been deprived [of] by the enforcement of [a] judgment" (Haebler v Myers, 132 NY at 366). Here, there is no dispute that the judgment had been satisfied and that it was subsequently vacated. Consequently, defendant's motion for summary judgment on his counterclaim was properly granted. 
Insofar as triable questions of fact exist with respect to whether defendant assented to the correctness of plaintiff's invoices and account items, summary judgment on plaintiff's cause of action for an account stated was properly denied (see Yannelli, Zevin & Civardi v Sakol, 298 AD2d 579 [2002]; Jim-Mar Corp. v Aquatic Constr., 195 AD2d 868 [1993]). Moreover, [*2]summary judgment was not warranted on plaintiff's breach of contract cause of action, as issues of fact remain with respect to the reasonableness of the charges and the sufficiency of plaintiff's performance (see Cibro Petroleum Prods. v East Schodack Fuel & Contr. Corp., 135 AD2d 947 [1987]).
Accordingly, the orders are affirmed.
Aliotta, J.P., Pesce and Solomon, JJ., concur.
Decision Date: January 20, 2017